PEOPLE ex rel. ALEXANDER v. BRADY, Commissioner.

(Supreme Court, Appellate Division, First Department.　April 20, 1900.)

1. OFFICERS—VETERANS—REMOVAL—HEARING.
　　Where relator, a veteran holding a civil-service position, appeared before his superior officer, after written notice stating the charges against him, and substantially admitted their truth, and was allowed opportunity for explanation, he had a hearing, within Laws 1898, c. 184, providing that a veteran may not be removed from a position in the civil service except for cause, after hearing had.

2. CERTIORARI—RETURN—CONCLUSIVENESS.
　　Where a return to a writ of certiorari is not objected to for insufficiency, material statements contained therein must be accepted as conclusive.
　　Rumsey, J., dissenting.

Certiorari, on relation of James B. Alexander, against Thomas J. Brady, commissioner of buildings, to review defendant's action in removing relator from office. Dismissed.

Argued before VAN BRUNT, P. J., and RUMSEY, McLAUGHLIN, PATTERSON, and O'BRIEN, JJ.

William McArthur, for relator.
Eugene Otterbourg, for respondent.

McLAUGHLIN, J. The relator, on and for some time prior to the 25th of February, 1899, held a position as inspector of buildings in the department of buildings in the city of New York. He was on that day removed by the commissioner of buildings, and this is an application to review, by a writ of certiorari, the action of the commissioner in making such removal. The relator is a veteran, and was originally appointed, to the position from which he was removed, after a civil-service examination, and therefore he came within the provisions of the statute, which provides that honorably discharged Union soldiers, sailors, and marines holding official positions by appointment or employment in the state of New York shall not be removed from such

positions or employment, except for incompetency or misconduct shown, after a hearing upon due notice and upon charges made. From the petition and return thereto, it appears that on the 11th of February, 1899, the relator was suspended from duty pending charges made against him. On the 14th of February, 1899, the commissioner of buildings notified the relator in writing that he proposed to remove him from his position. This notice contained a statement of the charges made against the relator, and also a statement that he would be "allowed an opportunity of making an explanation" before the commissioner on the 17th of February, 1899, and, according to the return on that day, the relator was given an opportunity for "a hearing"; but owing to his illness, and at his request, "the said hearing" was postponed to the 24th of February, when the relator "was given a hearing, * * * and * * * was given ample opportunity of making an explanation of the said charges and specifications, and producing before said commissioner any witnesses he desired to produce to testify in his behalf." According to the return, the relator was called, and each of the charges was taken up specifically, and he testified in reference to them. At the conclusion of the hearing he was asked, "Is that all you have to say?" and he answered, "Yes, sir."

The relator substantially admitted the truth of each of the charges, and the excuse which he offered was not satisfactory to the commissioner, and we do not see how it could have been. He admitted, in substance, that he had reported late for duty on the days specified; that he had absented himself from duty without leave; that he had neglected to discharge his duties by failing to report violations of law; and that during his hours of duty he had played cards in a liquor saloon, or in a room leading into it. But it is suggested—not by the relator's counsel—that the act of the commissioner should be reversed, and the relator reinstated, because the proceedings had before the commissioner did not constitute a trial, within the meaning of the statute. There are two answers to this suggestion: (1) The relator nowhere claims, either in his petition or in the brief filed by his counsel, that he did not have a trial. What he does claim is that the evidence offered was insufficient to justify his removal, and that he did not have a fair trial; that he was not informed that the proof offered by him was not satisfactory; that he did not have the benefit of counsel. But the commissioner was not obliged to tell him whether the proof offered was satisfactory or not, and, if he had desired counsel, he could have had it. (2) The return states that the relator was given "a hearing" and ample opportunity of making an explanation of the charges, and producing before the commissioner any witnesses he desired to testify in his behalf. The law seems well settled that, in proceedings of this character, material statements contained in the return must be accepted as conclusive and acted upon as true. People v. Board of Fire Com'rs of the City of New York, 73 N. Y. 437; People v. Martin, 142 N. Y. 228, 36 N. E. 885. If the return is insufficient in substance or form, then it is the duty of the relator to take proceedings to have the same corrected, or to compel a further or more specific return.

The duties of an inspector of buildings in the department of buildings in the city of New York are important and responsible ones, and the commissioner is entitled to inspectors who will not only honestly and conscientiously discharge the duties assigned to them, but those upon whom he can thoroughly rely. The relator, according to his own admissions, was not such a person, and the commissioner, therefore, was justified in removing him.

The writ should therefore be dismissed, and the proceedings affirmed, with costs.

VAN BRUNT, P. J., and PATTERSON and O'BRIEN, JJ., concur.

RUMSEY, J. I cannot concur in the opinion of the court in this case. The relator was a veteran, and as such, by the express provisions of chapter 184 of the Laws of 1898, he could not be removed, except for cause after hearing had. That phrase has received a construction in this state to the effect that such a hearing is substantially a trial. The power to remove for cause, and after an opportunity to be heard, can be exercised only after notice to the person charged, upon specified charges, with an opportunity to the accused to cross-examine witnesses, and to call others in his defense, and to be represented by counsel in every stage of the proceeding. People v. Nichols, 79 N. Y. 582. This hearing must be had not before an officer who has already announced his intention to remove him unless his explanations are satisfactory, thus practically prejudging the case before he takes any action. The requirement of a hearing involves necessarily the idea that the judgment of the trial officer as to the truth of the charges, and as to the result that may follow a conviction by him, is to be held in reserve until the whole case has been examined, and the person charged has had an opportunity for a hearing, with counsel to assist him. The distinction between the rights of one who is entitled to a hearing upon charges, and of another whom his superior officer may resolve to remove and may remove after giving him an opportunity to make an explanation, is considered and clearly shown in People v. Thompson, 94 N. Y. 451. It is not sufficient to affirm because the relator did in fact, when he was called before his superior officer, admit the charges and seek to explain them. The question is, did he understand when he was called there that he was entitled to have those charges proved against him, that he was entitled to be represented by counsel, and that the charges could only be proved by sworn testimony? It is quite clear that the commissioner did not understand that he was giving the relator a trial, because he says in his return that the relator was notified by the commissioner of his purpose to remove him from his position, and a time and place were appointed at which the relator would be given an opportunity to make an explanation; and it is said, further, that on the 24th of February, the time to which the hearing was adjourned, the relator was given ample opportunity to make such explanation as to the charges. There is no claim that he was tried. Clearly, the commissioner did not know that he was giving him a hearing such as the law required, because he was merely called upon to make an explanation of the

charges, as to which he had already made up his mind·to remove him. When the relator was called before the commissioner he did not know that he was entitled to more than an opportunity to make an explanation. He was called for that purpose. If, when he got there, he was told that he was entitled to have a hearing, and the charges proved by sworn witnesses, it might very well be that by his actions his right to such a hearing would have been waived. But nothing of that kind occurred. He was immediately put upon his defense, and nothing done to indicate to him that he was to have anything more than an opportunity of making an explanation. Such a hearing as that can in no possible way be said to be a trial. It is quite true, as is said, that he did not deny the charges made against him. But the very manner in which he was brought before the commissioner showed that the truth of the charges was not to be inquired into. It was assumed by the commissioner that he was guilty, and, starting with that presumption, he was already sentenced, unless he succeeded in disabusing the mind of the person who should have tried him fairly of the conclusion he had already reached.

In my judgment, there was nothing in this case that resembled a trial, and nothing to indicate that the relator knew that he was entitled to one, and therefore the proceeding should be reversed.