(90 Misc. Rep. 63)

PEOPLE ex rel. BARCLAY v. HOLMES, County Treasurer, et al.

(Supreme Court, Special Term, St. Lawrence County. April, 1915.)

1. CERTIORARI ⬚⟹56—RETURN—VERITY.
    The return in certiorari proceedings must be taken as containing a true statement of the facts.
    [Ed. Note.—For other cases, see Certiorari, Cent. Dig. §§ 143, 144; Dec. Dig. ⬚⟹56.]

2. INTOXICATING LIQUORS ⬚⟹46½—LIQUOR TAX CERTIFICATE—RIGHT TO ISSUE—POPULATION OF TOWN—STOREKEEPERS' LICENSE.
    Under Liquor Tax Law (Consol. Laws, c. 34) § 8, subd. 10, as added by Laws 1913, c. 168, which provides that no liquor tax certificates shall be issued under subdivision 2 for any town unless the ratio of population thereof shall be greater than 7,500 to one certificate, no certificate such

⬚⟹For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

as is commonly known as a "storekeepers' license," could lawfully be issued in a town of 2,900 population, which would permit the sale of liquors not to be drunk on the premises.

[Ed. Note.—For other cases, see Intoxicating Liquors, Dec. Dig. ☜ 46½.]

3. INTOXICATING LIQUORS ☜6—CONTROL—LEGISLATIVE. POWER.

The Legislature has authority to control the traffic in liquors, and to determine whether such traffic should be permitted, and, if permitted, under what conditions.

[Ed. Note.—For other cases, see Intoxicating Liquors, Cent. Dig. § 4; Dec. Dig. ☜6.]

Certiorari by the People of the State of New York, on the relation of William Barclay, Jr., against George M. Holmes, as county treasurer of St. Lawrence County, and another, to review a decision refusing to issue a liquor tax certificate. Refusal of certificate approved.

Herman J. Donovan, of Ogdensburg, for relator.
A. M. Sperry, of Albany, for defendants.

VAN KIRK, J. [1] This is a certiorari proceeding to review the decision refusing to issue a liquor tax certificate under subdivision 2 of section 8 of the Liquor Tax Law, which would permit the sale of liquors not to be drunk on the premises, commonly called the "storekeepers' license." The return must be taken as containing a true statement of the facts. People v. Brady, 50 App. Div. 372, 63 N. Y. Supp. 1089; People v. Wurster, 149 N. Y. 549, 44 N. E. 298.

On February 20, 1915, the relator filed his application for the liquor tax certificate for premises known as the "Gibson property" in the northeast corner of the town of Norfolk, St. Lawrence county, not in any city or village. On February 26, 1915, the certificate was refused, because the issuance would be a violation of Liquor Tax Law, § 8, subd. 10, and section 17. The population of the town of Norfolk is and was about 2,900 people. At a town meeting held in Norfolk, February 11, 1913, the voters expressed their will that traffic in liquors under subdivision 2 of section 8 of the Liquor Tax Law be permitted for the term beginning October 1, 1913, and ending September 30, 1915. Traffic in liquors has never been carried on on said premises under any certificate. There has never been a storekeepers' license in the town, except as inclosed in certificates under subdivision 1 of section 8, which are now issued.

[2] The chief question is: Can a certificate under subdivision 2, section 8, issue in a town of 2,900 population, for premises not before used for traffic in liquors, and where no other such certificate is, or has been, issued? Can one such certificate be issued in such town? Subdivision 10 of section 8 of the Liquor Tax Law, as added by Laws 1913, c. 168, is as follows:

"No liquor tax certificates shall hereafter be issued for traffic in liquors, under the provisions of subdivision two of this section, for any premises in any town, village, borough or city, unless or until the ratio of population therein, to the number of certificates issued under the provisions of said

subdivision two, shall be greater than seven thousand five hundred to one, and then only pursuant to the provisions of this subdivision."

This is the prohibition.   Then follow exceptions to the prohibition, which do not apply here.

It seems very plain that two such certificates cannot be had until the population of the town reaches 15,000.   But it is claimed that it was the intention of the Legislature to allow at least one such license to be issued in any town, though its population be less than 7,500.   In support of this it is urged that, in the provision of the statute (section 13) allowing the electors to express their will as to permitting such liquor tax certificates to be issued, there is no limitation upon the right of the town to vote upon the question, because the population does not equal 7,500; that it would be useless to allow such a vote to be taken if in no event the certificate could be issued; and that, the town having voted for the privilege, it could not be thought that the Legislature intended to deprive that town of at least one such certificate.   While there is a good deal of force in this suggestion, there are other provisions of the statute which must be considered, and which aid in determining the meaning of this.   Subdivison 9 of section 8 provides:

"No liquor tax certificate shall hereafter be issued for traffic in liquors, under the provisions of subdivision one of this section [liquors to be drunk on premises], for any premises in any town, village, borough or city, unless or until the ratio of population therein, to the number of certificates issued under the provisions of said subdivision one, shall be greater than seven hundred and fifty to one, and then only pursuant to the provisions of this subdivision." Laws 1911, c. 289.

Then follow exceptions to the prohibition and provisions where new certificates are to be issued under competitive bidding.   Then this:

"In any town or village having a population less than seven hundred and fifty, and in which there are no premises to which the prohibition contained in this subdivision does not apply, one liquor tax certificate for traffic in liquors under subdivision one of this section may, if such traffic is permissible, be issued to the person who shall offer to pay the highest amount for the right to traffic under such certificate, provided such amount shall at least equal the tax assessed upon such traffic in such town or village."

If it had been intended that at least one certificate under subdivision 2 should be granted in towns having less than 7,500, the Legislature would have so expressed itself, as it did concerning the subdivision 1 certificate.   There is no difference between the prohibition in subdivision 9 and that in subdivision 10, except that in subdivision 9 the expression, "no liquor tax certificate" is in the singular, while in subdivision 10 the similar expression is in the plural.   It is claimed this is significant and it was not intended to prohibit one such certificate.   But, if this wording is given this significance, then there would be no prohibition in the statute against the issuing of one such certificate, and it could be issued without a vote, or in the face of an adverse vote.

[3] The Legislature had undoubted authority to control the traffic in liquors, to determine whether or not traffic in liquors shall be

permitted, and, if permitted, under what conditions. People ex rel. Einsfeld v. Murray, 149 N. Y. 367, 44 N. E. 146, 32 L. R. A. 344; Kresser v. Lyman (C. C.) 74 Fed. 765. Section 13 of the Liquor Tax Law is entitled:

"Local Option to Determine Whether Liquor shall be Sold under the Provisions of This Chapter."

It is a general provision, which applies to all the towns in the state. Question 2, which may be submitted, provides for the subdivision 2 certificate. But a favorable vote having been had does not of itself permit the granting of a certificate. It still remains to determine whether or not a certificate shall be granted, and it can only be granted when the law permits and after all the provisions of the law have been complied with, including the qualifications of the applicant, the location of the premises, the population of the town.

It is strongly urged that the people of Norfolk, by the decision being reviewed, are deprived of a right for which they have voted. It is conceded upon the argument that the town of Norfolk voted for certificates under subdivision 1, and certificates under that subdivision are outstanding in the town, which carry with them the privileges of the storekeepers' license.

"The holder of a liquor tax certificate under this subdivision is entitled also to traffic in liquors as though he held a liquor tax certificate under subdivision two of this section, subject to the provisions of section thirteen of this chapter." Section 8, subd. 1.

So that it would be in a case only in which the town had voted against a certificate under subdivision 1, but had voted for a certificate under subdivision 2, that the voters of the town would be deprived of at least one storekeepers' license in the town, provided subdivision 10 is construed to permit no such certificate unless the population equals 7,500. Norfolk is not in fact deprived of the traffic permitted under a certificate under subdivision 2. The Gibson property is not situated in any village or hamlet or thickly populated place, but is located near the village of Massena, which has voted "No" upon questions 1 and 2; and the circumstance which could make the traffic in liquors on the Gibson property profitable is its near location to the village of Massena. While these latter considerations can have no bearing upon the legal right of the applicant to a certificate, they do show that it is not for the accommodation of the people of the town of Norfolk that the certificate is now desired, and the voters of the town of Norfolk are not complaining that they are deprived of any right which they desire under the vote cast by them.

It is permissible also to consider the scope and use of such a certificate. It does not license a place for drinking, but a place where liquors may be purchased and carried away, chiefly for use in homes and at table. Such certificate is seldom issued, except in large villages or cities; in smaller places, especially where a certificate under subdivision 1 is in use, there is no demand for a storekeepers' license; the homes in the town furnish little demand for wines and liquors.

Considering the purpose and intent of the Liquor Tax Law, as dis-

closed by all its provisions, as well as the ordinary meaning of the language used in the prohibition in subdivision 10 of section 8, I think the question must be answered "No." Subdivision 10 of section; 8 of the Liquor Tax Law provides:

"Whenever the ratio between the population of any city, borough, village or town, and the number of such premises situated therein for such traffic in liquors to which this prohibition does not apply, shall exceed the ratio of 7,500 to one, additional certificates for traffic in liquors under the provisions of subdivision two of this section may be issued to the highest bidders therefor, in the same manner as is provided in subdivision nine of this section for the issuance of additional certificates under the provisions of subdivision one of this section."

There being no certificate under subdivision 2 in the town of Norfolk, if one certificate may be issued, then the town comes under the provision just quoted, and the certificate must be issued to the highest bidder, as appears from the parts of subdivision 9 above quoted. The proceedings for bidding have not been, complied with, and for that reason this application will have to be denied.

I conclude that good and valid reasons existed for refusing the certificate, and an order accordingly will be made.

Ordered accordingly.