## CASSIDY v. HOWARD et al.

1. There was no abuse of discretion in permitting witnesses for the plaintiffs to give oral testimony on the interlocutory hearing, over the objections made by the defendant.
2. The motion for continuance was properly overruled.
3. The evidence required a finding that the defendant's place was a "blind tiger," or liquor nuisance, and that it should be abated and the defendant be enjoined from maintaining the same until final trial. The judge should not, however, on the interlocutory hearing, have granted a permanent injunction, and direction is given that he modify the order so as to make it ad interim in character.
4. In a proceeding to abate and enjoin a "blind tiger" under the provisions of the Civil Code, § 5335 et seq., the defendant can not be adjudged to be disqualified from doing business under a "near-beer" license which he holds, and from ever doing business for himself under any such a license and from being employed by another engaged in business under such a license, and, by reason of such disqualification, be enjoined from doing business under such license until the further order of the court.

NOVEMBER 18, 1913.

Injunction. Before Judge Mathews. Bibb superior court. August 1, 1913.

On July 17, 1913, J. R. Howard and a number of others brought an equitable petition returnable to the superior court of Bibb county, against Ed Cassidy. The allegations of the petition are in effect as follows: Petitioners are citizens of Bibb county. At No. 210 Cotton Avenue in the city of Macon, said county, there is a place commonly known as a "blind tiger," where spirituous, malt, and intoxicating liquors are sold in violation of law, and the same is a nuisance. "Said nuisance is carried on by Ed Cassidy, . . the defendant." The third paragraph of the petition is: "That said defendant and certain of his employees, to petitioners unknown, are now engaged and have been for more than —— weeks

just past engaged in the unlawful sale of spirituous, malt, and intoxicating liquors in said apartments, contrary to the laws of said State." The fourth paragraph alleges: "That said Ed Cassidy now holds and owns an internal revenue license procured from the Department of Internal Revenue of Atlanta, Georgia, on the —— day of July, 1913." Cassidy and his agents or employees, who are aiding and abetting him in the unlawful sale of spirituous, malt, and intoxicating liquors, are guilty of maintaining and running a "blind tiger," and the same is a continuing nuisance, and subject to abatement by the mandate of the court. One of the prayers of the petition is, "that the said Ed Cassidy, his agents and employees, be enjoined from further disposing of said intoxicating, malt, and spirituous liquors and beers as now handled by them in violation of said prohibition law, and that said apartments heretofore named be declared a nuisance and abated by law; and that said defendant, his agents and employees, be enjoined from keeping and maintaining a buffet or a place by any other name, or without a name, for the illegal sale of such liquors in such place as designated in the foregoing petition or elsewhere." The judge of the Macon circuit, upon presentation of the petition, ordered it filed and served, and further ordered that the defendant Cassidy, and all other persons, be restrained from selling, bartering, or exchanging, any spirituous, malt, or intoxicating liquors upon the premises designated in the petition, until the further order of the court; and that the defendant show cause on August 1, by ten o'clock a. m., why the restraining order should not be continued. On July 26, counsel for the defendant presented to the judge a written petition in which it was recited that the defendant had been called on to show cause, on the first day of August, why he should not be enjoined from keeping and maintaining what is known as a "blind tiger," and that no provision had been made for submission and exchange of affidavits by counsel in the case; and praying that "counsel for the plaintiffs be required to submit to counsel for defendant, as far as possible, the affidavits of witnesses intended to be used on said hearing, three days before the time fixed for hearing said application for temporary injunction, and that counsel for defendant have two days in which to file affidavits in reply." Upon such petition the judge passed the following order: "The foregoing petition read and considered. Ordered by the court that the same

be granted, and that the affidavits to be used in said case be served as prayed. This 26th day of July, 1913." This order was filed in the office of the clerk of the superior court on the day it was granted, and a copy thereof served by a deputy sheriff on counsel for the plaintiffs on July 28.

The case came on for a hearing on August 1, when the plaintiffs were allowed to amend their petition by alleging that the defendant Cassidy holds a so-called "near-beer" license and receipt from the ordinary of Bibb county for the sale of imitations of and substitutes for beer, ale, wine, whisky and other spirituous or malt liquors, by which, however, he is not authorized to sell or keep for sale any intoxicating, spirituous, or malt liquors on the premises referred to. Additional relief is prayed as follows: "An order revoking any license which said defendant may hold, and declaring him disqualified from holding any license to sell any substitute for beer, ale, wine, whisky or other alcoholic, spirituous, or malt liquors, and enjoining him or any one of his associates, employees, or agents found upon said premises, or assisting in carrying on said nuisance, from holding such license or in any wise engaging in said business, and further perpetually enjoining said parties and any or all other person or persons from maintaining said business under said license or any license in said premises or place where the State law as to the sale of intoxicating liquors may be violated." The amendment contains also a prayer for general relief. The defendant, on the hearing, presented a demurrer to the petition, on the ground that it sets forth no cause of action and is without equity, and demurred "specially" to each paragraph of the petition "on the ground that the facts set forth do not constitute a cause of action, and are not sufficient to give the court jurisdiction to grant the relief prayed for in the bill." In his answer the defendant admits that he is engaged in business at the place designated in the petition, but denies that it is commonly known as a "blind tiger" and denies further that his place of business is a nuisance. He says that he "can not admit or deny the allegations contained in the third paragraph of said petition, for want of sufficient information." Answering paragraph four of the petition, he admits that he holds a United States internal revenue license as a retail liquor dealer at the place designated in the petition, and says that he carries on a "near-beer" saloon at such place under a license from the State,

and one from the City of Macon, for the year 1913, for each of which he has paid the sum of $300; and alleges "that the United States Government required him to take out said license for the purpose of selling beer, cider, and other non-intoxicating drinks." He denies that he is maintaining and running a "blind tiger" and that it is a continuing nuisance and subject to abatement as plaintiffs allege.

At the interlocutory hearing a number of witnesses were called to testify orally in behalf of the plaintiffs. The defendant objected to the witnesses testifying orally, on the ground "that such procedure was in violation of the law . . contained in section 5918 of the Code, . . and was contrary to the established practice of the courts in the hearing of applications for injunction in like cases." The objection was overruled. After this ruling, counsel for the defendant announced that he was not ready for a hearing, and moved for a continuance on the grounds, that the judge had passed the order of July 26, requiring the service of affidavits as therein set out, and neither the defendant nor his counsel had been served with any affidavits as required by the order, and no affidavits had been filed; and that, "not having been served with said affidavits as required by said order, defendant had not prepared any affidavits in reply, and was, therefore, not ready for trial." The motion for continuance was overruled, and the defendant excepted. The plaintiffs introduced four witnesses who testified respectively as follows:

Allen: That on July 14, 1913, he bought a half pint of whisky from the defendant, Cassidy, at his place of business, 210 Cotton avenue, and paid him twenty-five cents for same.

Elkins: "I run the Macon Tea & Coffee Co., next door to Mr. Ed Cassidy's place. I know about some whisky having been sold in that place. I have seen whisky sold there on numerous occasions. I have seen whisky sold to white men and darkies a good many times. It is a saloon where white men and negro men and negro women congregate. The women congregate in the rear. The crowd that congregates there is pretty boisterous, and they are drunk sometimes. . . I have purchased whisky there. I purchased some there several weeks ago, and paid seventy-five cents a pint for it. . . I presume I have seen a dozen sales of whisky made at his place. . . I think I have bought it a half dozen times at in-

tervals since last fall.  I did not know the names of the parties to whom I saw whisky sold.  I knew it was whisky by seeing it; it was labeled whisky, and looked like whisky; and I say it was whisky, like I would say that was a book, from the external appearance."

Willingham: "I am acquainted with the location of Mr. Cassidy's place; of my own knowledge, I know of whisky having been sold there.  Almost every time I have been in the rear of my warehouse, I have seen negro men and women bring bottles out of there. My warehouse is about one hundred feet in the rear of Cassidy's place, in full view of it.  The bottles negroes would bring out of Cassidy's store had colored liquid in them like this [referring to a bottle of whisky which Allen had testified he bought from Cassidy]. I presume I have seen bottles labeled whisky come out of his store a hundred times, passing through the alley, from Cherry street by the rear of my warehouse.  Standing in my warehouse I could see the people coming out of his store.  I presume I went through the alley on an average of twice a day."

Williams: "I am deputy sheriff, and served this paper.  When I went to Cassidy's place I found three barrels, three drums, and about twenty-five half-pint bottles of whisky.  The half pints were under the counter, and the barrels in a room adjacent to the store; there was a stairway to the barrels from the store; it did not connect with the place of business, but over the place of business there was a way to get to the barrels from his place of business."

The defendant introduced no evidence.  The judge granted the following order: "After hearing evidence and argument on the within petition, it is considered, ordered, and adjudged by the court that the place described in the within petition, 210 Cotton avenue, Macon, Ga., operated by the defendant, Ed Cassidy, is a nuisance and is adjudged such, and is hereby enjoined as such, and the defendant, Ed Cassidy, is and all other person or persons be and the same are hereby enjoined from carrying on said nuisance on said premises, and the said defendant, Ed Cassidy, and all other persons acting for him are hereby enjoined and restrained from selling any spirituous liquors, malt liquors, or intoxicating liquors upon said premises; and the evidence showing that the said defendant, Ed Cassidy, is holder of a near-beer license from the ordinary of Bibb county, Georgia, for said place, and that said defendant under

color of said license has sold, furnished, and kept at said place of business liquors prohibited by law, it is further ordered and adjudged that he is disqualified from holding any such license and from being in the employment of any person holding such license, and he is hereby restrained and enjoined, until further order of the court, from holding and operating under said license, or under any other license, at said place or any other place in the State of Georgia, and from being in the employment of any person holding any such license in the State of Georgia."

The defendant sued out a bill of exceptions, in which error is assigned upon the rulings of the judge in permitting the witnesses for the plaintiffs to testify orally, and in refusing a continuance; and upon the order granted.

*John R. Cooper, Sam B. Hunter, Hall & Roberts, W. D. McNeil,* and *Jesse Harris,* for plaintiff in error.

*R. D. Feagin,* contra.

FISH, C. J. (After stating the foregoing facts.)

1. The judge did not, in view of the circumstances of the case, err in permitting the witnesses to testify orally in behalf of the plaintiffs on the interlocutory hearing, over the objections made by the defendant. In *Chattanooga &c. Ry. Co.* v. *Morrison,* 140 *Ga.* 769 (79 S. E. 903), it was held: "While generally at the hearing of an application for an interlocutory injunction the testimony is introduced by means of affidavits, the rule is not inflexible; and when witnesses are present, without objection on their part, for the purpose of testifying, the presiding judge may in his discretion allow them to be examined orally, due care being taken that no injustice is worked thereby." The order granted by the judge prior to the hearing, requiring service of affidavits, to be used for the plaintiffs, on counsel for the defendant three days before the hearing, did not, in the circumstances, so differentiate this case from the one cited as to deprive the judge of his discretion to allow witnesses to testify orally on the preliminary hearing. The order fixing the date for hearing on August 1 is not dated, but it appears to have been filed on July 17. There is nothing in it indicating whether the case should be heard on parol testimony or affidavits, but the judge certifies that he informed counsel for the plaintiffs, when the original restraining order was granted on presentation of the petition, that oral testimony would be admitted on the hearing fixed

for August 1. The order requiring service of affidavits was granted July 26, Saturday, six days before the hearing. It provided that affidavits for the plaintiff should be served on counsel for defendant three days prior to the hearing. It was served on plaintiffs' counsel on Monday the 28th of July, thus allowing only one day for the preparation and service of such affidavits. The order was not absolute and unconditional, but provided that such affidavits, "as far as possible," should be submitted to counsel for defendant. The judge had the right to construe his own order, and to determine whether it was possible for plaintiffs' counsel to prepare and have executed and served the affidavits within the time stated. If the affidavits for the plaintiffs had been so served, then the defendant would not have had two days prior to the hearing in which to file affidavits. As in the case cited above, the witnesses who testified for the plaintiffs were cross-examined by the defendant's counsel—thus taking a benefit which he could not have had if the affidavits of the witnesses had been used. It does not appear that the defendant had any witnesses whose affidavits he desired to procure, nor did he offer any affidavits in his behalf, nor introduce any witnesses, nor even testify in his own behalf. We fail to see, therefore, how he was hurt by allowing the witnesses for the plaintiffs to testify orally, rather than having their affidavits introduced. It follows that the judge's ruling on this point should be affirmed.

2. Nor did the judge err in refusing a continuance. It does not appear that the defendant claimed to be surprised or less prepared for trial by reason of the admission of oral testimony for the plaintiffs. As already stated, in effect, the defendant's counsel did not claim that he desired time to procure evidence for the defendant; and so far as the record shows, he did not desire to put in any evidence, and it would seem that the continuance was desired only for delay.

3. The petition is based upon the statute (Acts 1899, p. 73, Civil Code, §§ 5335, 5336, 5337), which is as follows: "Any place commonly known as a 'blind tiger,' where spirituous, malt, or intoxicating liquors are sold in violation of law, shall be deemed a nuisance, and the same may be abated or enjoined as such, as now provided by law, on the application of any citizen or citizens of the county where the same may be located." "If the party or parties carrying on said nuisance shall be unknown or concealed, it shall be

sufficient service, in the abatement or injunction proceedings under the preceding section, to leave the writ, or other papers to be served, at the place where such liquor or liquors may be sold, and the case may proceed against 'parties unknown,' as defendants." "The court shall have authority to order the officers to break open such 'blind tiger' and arrest the inmates thereof, and seize their stock in trade, and bring them before him to be dealt with as the law directs." In *Thompson* v. *Simmons & Co.*, 139 *Ga.* 845 (78 S. E. 419), it was held that the descriptive words following the term "blind tiger," in the first section of this statute, are definitive of such term, and that the statute applies to any place where spirituous, malt, or intoxicating liquors are sold in violation of law. This being true, the evidence in the case at bar demanded a finding by the judge that the place where the defendant was engaged in business was a "blind tiger" or liquor nuisance, and subject to be abated or enjoined as such. Aside from the positive and uncontradicted evidence of the witnesses for the plaintiffs, the judge was authorized to find the defendant's place to be a "blind tiger" and a nuisance, and subject to be abated or enjoined as such, from the admissions made in the defendant's answer. Paragraph three of the petition alleges that the defendant and his agents and employees are engaged at his place of business in the unlawful sale of spirituous, malt, and intoxicating liquors; the answer avers that the defendant can neither admit nor deny the allegations of this paragraph, for want of sufficient information. In view of such evasive answer to the positive allegations of fact made in the petition, as to a matter necessarily within the personal knowledge of the defendant, such allegations will be taken as true. Moreover, the defendant admitted in his answer that he held a United States internal revenue license as a retail liquor dealer at his place of business. The act of 1911 (Acts 1911, p. 180) makes the fact of holding such license sufficient to establish a prima facie case against a defendant in an action of this character and to place the burden of proof on him in such a case. It necessarily follows from the facts established in the present case that the judge should have enjoined the defendant, his agents and employees, from continuing the operation of the "blind tiger" by selling liquor in violation of law at the defendant's place of business, 210 Cotton avenue, until a final trial of the case. "The purpose of the act [Civil Code,

§ 5335] was to provide that a nuisance may be abated by injunction, *to be issued in the manner provided by law,* that is, upon application to the judge of the superior court, upon a sworn petition and after a hearing, the judge having the right to grant a temporary restraining order until the interlocutory hearing, and a temporary injunction until the final hearing, and a permanent injunction after a hearing before a jury under existing rules." *Legg* v. *Anderson,* 116 *Ga.* 401, 405 (42 S. E. 720). It follows that on the interlocutory hearing the judge did not have the power to grant a permanent injunction against the defendant and his agents and employees from the further operation or continuance of the "blind tiger;" and as it appears from the order that such a permanent injunction was granted, direction is given that it be so modified as to make it interlocutory.

4. The general prohibition act (Acts 1907, p. 81, Penal Code, § 426 et seq.) provides that any person who shall sell or barter for valuable consideration, within the limits of this State, any alcoholic, spirituous, malt, or intoxicating liquors, or intoxicating bitters, or other drinks which if drunk to excess will produce intoxication, shall be guilty of a misdemeanor. The act of 1908 (Acts 1908 p. 1112, Civil Code, § 1763 et seq.) provides that every firm, person, or corporation, who shall sell or offer for sale, in quantities of less than five gallons, any imitation of or substitute for beer, ale, wine, whisky, or other spirituous or malt liquors, shall obtain a license so to do from the ordinary of the county wherein such business is carried on, and shall pay a prescribed sum for the license for each calendar year or part thereof; and provides that any person who shall carry on such business without having first obtained and paid for the license required shall be guilty of a misdemeanor. Section eight of the act as codified (Civil Code, § 1769) provides: "Any person who shall sell, or furnish, keep, or give away, under color of the license herein required, any liquor, drink, or beverage prohibited by law shall, in addition to any penalty which he may otherwise be liable to, forfeit said license and be forever disqualified from holding any such license and of being in the employment of any person holding such license; and any person holding such license who shall knowingly employ any person so disqualified shall forfeit his license and be in like manner disqualified." Section four

of the act (Civil Code, § 1770) provides that nothing contained in the act shall ever be construed to authorize the sale of any beverage, drink, or liquor now prohibited by law.

It is clear that the forfeiture of the license, and the disqualification of the person doing the business authorized by it, as provided in section 8 of the act of 1908 (Civil Code, § 1769), is an additional penalty to be imposed upon such person if convicted of a violation of the general prohibition law. Such additional penalty is no part of the act of 1899 (Acts 1899, p. 73, Civil Code, § 5335), providing that a "blind tiger" may be abated or enjoined as therein declared, and is in no way connected with it. This being true, the judge was not authorized in the present case to adjudge the defendant to be disqualified from holding any license under the act of 1908, and from being in the employment of any person holding such license, and, on account of such disqualification, to restrain and enjoin the defendant until the further order of the court from holding and operating under such license, or under any other license, at his place of business designated in the petition or any other place in the State, and from being in the employment of any person holding any such license in this State.

*Judgment affirmed in part, with direction; and reversed in part. All the Justices concur.*