## BANK OF SOPERTON *v.* EMPIRE REALTY TRUST Co. *et al.*

LUMPKIN, J.  1. A corporation can not, as a plaintiff, maintain an equitable suit to marshal its own assets; and the appointment of a receiver under such a proceeding, over the objection of creditors, duly made, is error. *Steele Lumber Co.* v. *Laurens Lumber Co.*, 98 *Ga.* 329 (24 S. E. 755); *Gresham* v. *Crossland*, 59 *Ga.* 271; *Martin* v. *Brown*, 129 *Ga.* 562, 569 (59 S. E. 302).

2. Under the facts set out in the petition and its amendments, no case was presented in which a majority or minority of the stockholders were proceeding against other stockholders or directors and the company, because of facts authorizing such a proceeding, to protect their interest as against such defendants and obtain a distribution of the assets.  But in substance this was a proceeding by the company itself, or its stockholders and directors, to prevent creditors from enforcing their claims, lest it might result in loss to stockholders.

(*a*) The fact that the stockholders and directors had each passed resolutions that the active conduct of business should cease, and that an equitable petition should be presented to the court for the appointment of a receiver, did not create such an emergency as authorized the directors themselves, as such and as stockholders (one other stockholder joining them), to obtain a receivership and an injunction against an objecting judgment creditor.  This would be for the plaintiffs to create an emergency and then take advantage of it.

(*b*) In an amendment it was alleged that, on proper and economical administration of the assets, the company was amply solvent, and that the parties in immediate danger of loss were the stockholders.

(*c*) That the action under such resolutions was brought in the name of the directors who were also stockholders (one director not being alleged to be a stockholder and one other stockholder joining as a plaintiff), and the company was named as a party defendant along with the creditors against whom the injunction was prayed, and that the company filed an amended answer joining in the prayer for the appointment of a receiver, did not change the status relatively to one of such creditors who held a judgment and who objected to the appointment of a receiver and the grant of an injunction.

(*d*) The allegation in one of the amendments that, since the filing of the

original petition, the corporation had instituted proceedings for a sur-
render of its charter and a dissolution, under the act of 1910 (Acts
1910, p. 106), but not showing that the surrender had been accepted in
accordance with the statute, did not confer the right upon these plain-
tiffs, who sued as directors and stockholders, to obtain the appointment
of a receiver and the grant of an injunction against creditors of the
company. The action was not brought in connection with such proceed-
ing to surrender, nor was the receiver appointed as ancillary thereto
in order to preserve assets until the hearing could be had upon the
petition to surrender the charter. But the petition of the corporation
to surrender its charter was merely alleged as an additional fact, in
connection with others, to show why a receivership should be granted
in this equitable petition; and the order granted by the presiding judge
made no reference to the proposed surrender of the charter, but ap-
pointed a "permanent receiver" and granted an injunction against the
creditors.

(e) No ruling is made at this time as to what effect, if any, the acceptance
of the proposed surrender of the charter of the company, made by way
of cross-petition in this proceeding, and further orders based thereon,
might have. Such questions are left for determination when they arise.

3. The judgment creditor interposed objection to the grant of an interlocu-
tory injunction, and to the appointment of a receiver, by filing a de-
murrer which challenged such a proceeding or the right to appoint a
receiver under it. This could not be heard and determined as a demurrer
at the interlocutory hearing, but could be considered as a legal showing
against the interlocutory relief prayed.

(a) No point appears to have been made in the trial court as to any effect
of not formally renewing the demurrer after the amendments, and such
demurrer was considered on the hearing. This court will not uphold
the judgment on the ground that one of the amendments was dated
after the demurrer was filed.

4. Under the pleadings (no other evidence being brought up) it was error
to appoint a receiver and grant an interlocutory injunction over the
objection of the judgment creditor.

                    *Judgment reversed. All the Justices concur.*
          JUNE 13, 1914. REHEARING DENIED JULY 27, 1914.

Injunction and receivership. Before Judge Mathews. Bibb su-
perior court. March 14, 1914.

A corporation was chartered by the superior court, and its as-
sets consisted mainly of real estate. At a regular annual meeting
of the stockholders, in which the holders of more than two thirds
of the capital stock participated, the following resolutions were
unanimously adopted: "Whereas the assets of said company are
in such a shape, and the condition of the market is such, that said
assets can not be rendered available for the meeting of the obliga-
tions of the company without disastrous sacrifice of said assets and
without great loss to the parties interested in said assets, and

whereas the assets of this company are in excess of the liabilities of the company, and by proper handling should meet the demands of all parties concerned, and whereas it is impossible for the company through its officers and agents, or in any other way without the aid of the court, to protect the interest of those concerned and to prevent loss and sacrifice, and whereas suits are being filed against said company, and judgments are being obtained at a heavy cost, which threaten to force the assets of the company upon the market at a great loss, and will also cause the other creditors of this company to proceed to seize the assets of the company and dispose of them at forced sale also at a loss: therefore be it resolved, that counsel of the company be authorized and instructed to make application to the proper court for the purpose of having said court take charge of the assets of the company and conserve the same, and through its receiver to take charge of the assets of the company and protect the interest of all parties concerned, under the orders and direction of said court." On the same day, at a meeting of the board of directors, the action of the stockholders was confirmed and ratified, and the same resolution was unanimously adopted. Thereupon the directors, who were also stockholders, and one other stockholder filed an equitable petition, referring to the resolutions and alleging, that the company was without funds, and unable to raise any without serious sacrifice of its property; that two of its creditors had obtained judgments against it, and one of them had made a levy; that two other creditors had begun suit; that the stockholders, officers, and directors were unable to continue the business, under the existing circumstances, without irreparable loss to the creditors and stockholders of the company; that the company was solvent, and under the proper administration of its assets by the court could pay its creditors and save its stockholders from loss; that the market for its assets was not good, and a forced sale would entail great loss, and that a receiver was necessary for their protection. The appointment of a receiver was prayed, and the grant of injunction, to prevent the creditors who had sued from prosecuting their suits, and the judgment creditor from proceeding to enforce its judgment, and that all creditors be required to set up their claims in this action. By amendment it was alleged that the continued operation of the company would result in insolvency, that the stockholders and directors had ceased the conduct of business, and "had taken

the officers off a salary basis," and directed them to cease active operation; that there were twenty-five creditors and twenty-four stockholders; that the judgment creditor had caused a levy to be made on a tract of land which the debtor had conveyed to another by deed as a security for a debt, and such land was not subject to levy; and that since the filing of the original petition the company, by a cross-petition, had asked for a decree of dissolution. By another amendment it was alleged, that there were mortgages on a considerable part of its real estate; that the judgment creditor had in its possession collateral security, and ought to look first to that for the collection of its debt; that one of the creditors who had brought suit against the company held a claim on which the company was indorser; that other creditors holding collateral security were threatening to sue the company and enforce their claims against its unincumbered property; that the plaintiffs, who were directors, were trustees for the creditors and stockholders; that the company was amply solvent, and that it would pay all creditors in full, if properly administered, but that there was immediate danger of loss to the stockholders otherwise. The company filed an answer in which it joined in the application for the grant of an injunction, and the apointment of a receiver. The judgment creditor filed a demurrer, which among other things challenged the character of the proceeding, and was urged as legal cause against the interlocutory relief prayed. It appeared to have been filed between the dates of the first and second of the two amendments. On the hearing the presiding judge appointed a receiver and granted the writ of injunction. The judgment creditor excepted.

*Hardeman, Jones, Park & Johnston,* for plaintiff in error.
*Mallary & Wimberly,* contra.