BURGESS *et al. v.* GEORGIA, FLORIDA & ALABAMA RAILWAY CO.

GEORGE, J. 1. On the prayer of the Georgia, Florida and Alabama Railway Company, an interstate carrier, an interlocutory injunction was granted against F. A. Burgess, F. C. Turner, Brotherhood of Locomotive Engineers, Brotherhood of Locomotive Firemen, Order of Railway Conductors, and Brotherhood of Railway Trainmen, and all of the individual members of said organizations employed by the petitioner, enjoining them and each of them from taking a strike vote and from declaring a strike. Thereafter all the defendants employed by the petitioner voluntarily resigned their respective positions. The plaintiff filed the present petition against the defendants named in the original suit, and alleged, that none of the defendants had the right to expect that they would be again employed by it; that none of them had the right to interfere with any man employed by it; that none of them had the right to persuade or to seek to prevent any person from accepting employment with it, or to enter upon its property except to give or receive freight or become passengers; that the defendants were congregating around the plaintiff's engines and cars upon its property, and were intimidating its employees by the use of threats, abusive and insulting language, and by other means described in the petition. The plaintiff's employees are under contract with it terminable at will. The evidence for the plaintiff tended to sustain the allegations of the petition, and, while contradicted by the evidence for the defendants, was sufficient to authorize the grant of an interlocutory injunction restraining the defendants (1) from going upon the premises of the plaintiff, except upon lawful business; (2) and from interfering with the business of the plaintiff by means of force, menaces, coercion, intimidation, and other unlawful means, for the purpose of preventing others from entering into or remaining in the employment of plaintiff.

2. In so far as the defendants were enjoined from attempting by proper argument, elsewhere than on or near the premises of the plaintiff, to persuade others from taking their places, the injunction was not authorized. Equity will not enjoin employees who have severed their connection with the service of their employer from attempting by proper and fair argument to persuade others from taking their places, so long as they do not resort to force or intimidation.

3. The case is in principle controlled by the decision in *Jones* v. *Van Winkle Gin &c. Works,* 131 *Ga.* 336 (62 S. E. 236, 17 L. R. A. (N. S.) 848, 127 Am. St. R. 235). See also Hitchman Coal &c. Co. *v.* Mitchell, 245 U. S. 229 (38 Sup. Ct. 65).

> *Judgment affirmed, with direction. All the Justices concur.*
> No. 605.  SEPTEMBER 14, 1918.

Injunction.  Before Judge Harrell.  Decatur superior court. August 21, 1917.

*Reuben R. Arnold* and *John R. Wilson,* for plaintiffs in error.
*T. S. Hawes* and *W. H. Krause,* contra.