BARTLETT *et al. v.* TAYLOR *et al.,* receivers.

The demurrer to the plea in abatement was properly sustained, and the court did not err in overruling the general and special demurrers to the petition.

No. 940. FEBRUARY 24, 1919.

Equitable petition. Before Judge Matthews. Bibb superior court. February 13, 1918.

*C. L. Bartlett, Roland Ellis, C. H. Hall, Hall & Roberts,* and *Nottingham & Holleman,* for plaintiffs in error.

*Miller & Jones, Hardeman, Jones, Park & Johnston,* and *Harry S. Strozier,* contra.

ATKINSON, J. Taylor et al., as receivers of the Exchange Bank of Macon, brought suit against certain stockholders of that bank, to enforce, on behalf of unpaid depositors in the bank, the individual liability of the stockholders under the charter. The defendants who appear as plaintiffs in error in this case, at the first term after which they were made parties to the litigation, filed a special plea in the nature of a plea in abatement, and demurred generally and specially to the petition. Many of the questions raised by demurrer in this case were adjudicated against the plaintiffs in error in the case of *Lamar* v. *Taylor,* 141 Ga. 227 (80 S. E. 1085). The grounds of demurrer not so adjudicated were ruled upon adversely to them in the case of *Harris* v. *Taylor,* ante, 663 (97 S. E. 86), except as hereinafter noted.

In the petition filed by the receivers it was alleged, that they were appointed in the case of Schofield et al. *v.* Exchange Bank of Macon and others (including a named creditor and stockholders of the bank), commenced in the superior court of Bibb county on July 8, 1907; that the petitioners in that case alleged themselves

to be a majority of the directors of the bank; that the cause so commenced is still pending, that the petition in that cause, of file in said court, is made a part of the record in this case; that the present petition is auxiliary to the main cause; and that petitioners, under authority and direction of the court, since August 20, 1907, have administered the assets of the bank. The further allegations of the petition are in substance set forth in the reports of the cases of *Lamar* v. *Taylor,* supra, *Turpin* v. *Taylor,* 143 *Ga.* 224 (84 S. E. 547), and *Harris* v. *Taylor,* supra. It appears from the original petition in the case of Schofield et al. *v.* Exchange Bank of Macon et al., that the plaintiffs in that case were authorized by resolution of the directors to bring that action against the Exchange Bank, the stockholders, and the creditor named as a defendant therein, for the appointment of receivers, for injunction against threatened suits, and for distribution of the assets of the bank to depositors, creditors, and stockholders, according to their respective rights and priorities, as a necessary measure to prevent a "run" on the bank, which was alleged to be imminent, and the consequent wrecking of the bank, which was in fact solvent, according to the allegations there made.

The special plea, and so much of the demurrer as was not considered in the cases mentioned, raised the contention that the court was without jurisdiction and authority to appoint receivers for the Exchange Bank upon the petition of the directors thereof. It was insisted that the directors could not legally invoke the appointment of receivers to take charge of and administer the assets of the bank, a solvent corporation; that the duty of managing the affairs of the bank devolved upon the directors; that the appointment of receivers was null and void; and that the receivers had no legal right to administer the assets of said bank and to prosecute the present action. The court sustained a demurrer to the special plea, and overruled the general and special demurrer filed by the defendants, and they excepted.

It is conceded that under the rule of .force in this State a corporation can not, as plaintiff, maintain an equitable suit to marshal its own assets, and that the appointment of receivers under such a proceeding, over the objection of creditors or stockholders, duly made, is error. *Steele Lumber Co.* v. *Laurens Lumber Co.,* 98 *Ga.* 329 (24 S. E. 755); *Gresham* v. *Crossland,* 59 *Ga.* 270;

*Martin* v. *Brown,* 129 *Ga.* 562, 569 (59 S. E. 302). It is also conceded that the directors of a solvent bank, or a majority of them, can not have a receivership for the bank and its assets, an injunction against the creditors of the bank, and other equitable relief, although the action in which such relief is sought may have been authorized by the directors and stockholders of the bank. *Bank of Soperton* v. *Empire Realty &c. Co.,* 142 *Ga.* 34 (82 S. E. 464). But where, as in this case, the directors of a bank, in order to prevent a run upon the bank and to preserve its assets for its creditors and stockholders alike, petition the court of equity for the appointment of receivers, and the bank itself, its stockholders, and creditors against whom injunctive relief is sought are duly made parties to the proceeding, such stockholders will not be heard to question, by collateral attack, the authority and jurisdiction of the court to appoint the receivers and to marshal and distribute the assets of the bank. It will be noted that the receivers were appointed in 1907. Practically all the assets of the bank were reduced to the possession of the receivers so appointed, and by them distributed under orders of the court. Five years thereafter, the stockholders, who, with one exception, were parties defendant in the case in which the receivers were appointed, invoked the decisions of this court cited above and insisted that the court was without jurisdiction in the premises. The proceeding was undertaken primarily for the benefit of the stockholders. They had full notice and knowledge of the appointment of the receivers, and they can not now be heard to question the jurisdiction of the court, when they are called upon to pay to the receivers, for the benefit of depositors, the respective amounts for which they are liable under the charter. They can not in such circumstances accept the possible benefit of the receivership, and at the same time deny the power and authority of the court to fully administer the assets of the corporation, including the charter liability of the stockholders, for the benefit of depositors. Had they interposed a timely objection to the appointment of the receivers, a different question would be presented. Attention is also called to the fact that these receivers, after having distributed practically all the assets of the bank, made application to the court for direction and authority with respect to filing the present suit against the stockholders. The petition was prepared and presented to the court, and

in open court an order was passed directing and authorizing the receivers to file the same against the stockholders. At the date of this order the bank was admittedly insolvent; there were unpaid depositors; these depositors under the charter of the bank had the right to look to the stockholders for the payment of their deposits. Under the Civil Code, § 2249, the charter liability of the stockholder is expressly made an asset of the corporation, to be recovered by the assignee, receiver, or other person having the legal right to enforce the same. To the date of the filing of the suit against the stockholders, under the order thus granted, no question was raised by any creditor or stockholder touching the jurisdiction of the court of equity to appoint receivers upon the application of the bank's directors and for the purposes hereinbefore indicated. Without regard to the character of the attack upon the authority and jurisdiction of the court, it must be held that the objection now comes too late.

We have said that the stockholders here complaining, with possibly one exception, were parties to the original proceeding in which the receivers were appointed. We have thus conceded that one of the stockholders may not have been served with process in that suit. The record upon this question is, however, by no means clear. So far as appears from the allegations of the plea in abatement, all the complaining stockholders were made parties in the main case and were duly served with process therein. In the entire absence of allegation to the contrary, we must assume that all the stockholders were parties and were duly served with process, or else had actual notice of the filing of the suit by the directors on behalf of the stockholders. We are of the opinion that the court did not err in sustaining the demurrer to the plea in abatement, and in overruling the general and special demurrers to the petition.　　　*Judgment affirmed. All the Justices concur.*