SANDERS *et al. v.* BALLARD, State Superintendent of Schools.

GILBERT, J. 1. No citizen or taxpayer, as such, has the right to institute in his own name an equitable petition against a public officer acting within the scope of his authority for or in behalf of the State of Georgia, unless it should appear that the public duty was one owing to individuals, and unless it is shown that the petitioner has suffered some special and peculiar injury from the wrongful act of

which he complains. *Peeples* v. *Byrd*, 98 *Ga.* 688, 696 (25 S. E. 677); *Southern Mining Co.* v. *Lowe*, 105 *Ga.* 352, 356 (31 S. E. 191); *Hudspeth* v. *Hall*, 113 *Ga.* 4, 7 (38 S. E. 358, 84 Am. St. R. 200); *Davison-Nicholson Co.* v. *Pound*, 147 *Ga.* 447 (4 *a*) (94 S. E. 560).

2. Under the allegations of the petition no such special and peculiar injury from the wrongful act of which complaint is made is shown; and therefore the court did not err in sustaining the demurrer and dismissing the petition.          *Judgment affirmed.   All the Justices concur.*

No. 4740.   APRIL 20, 1925.

Equitable petition.   Before Judge Ellis.   Fulton superior court. January 6, 1925.

M. C. Sanders et al., alleging themselves to be citizens and taxpayers of the Counties of Banks and Jackson and of the State of Georgia, filed a petition seeking to enjoin N. H. Ballard, State Superintendent of Schools, from paying over to the school authorities of Banks County, for use of the Homer School, one thousand dollars, to be used by said school for the school year of 1924.    The petition alleges that the State Superintendent of Schools proposes to make such payment by and under authority of the act of the General Assembly of 1919 (Ga. Laws 1919, p. 287), as amended by the act of 1922 (Ga. Laws 1922, p. 152), which provides as follows: "Sec. 1. Beginning with the year 1923 the State Superintendent of Schools shall set aside two hundred thousand dollars ($200,000) or so much thereof as may be necessary, from the funds derived from the 'General School Fund,' to aid in the establishment and maintenance of consolidated schools in every county of the State.   Where the county authorities by combining smaller schools in whole or in part into a consolidated school with at least four teachers, and where evidence of this fact is furnished by the County Superintendent and Board of Education, the State Superintendent of Schools shall be authorized to transmit five hundred dollars ($500.00) annually, toward the support of this school.   If, in addition, the local school authorities provide for a standard four-year high school, one thousand dollars ($1000.00) in addition shall be given from the fund before mentioned, which shall be used to aid the local authorities in payment of the salaries of the principal and at least one assistant high school teacher.   Sec. 2.   Such funds for the promotion and aid of consolidation and high-school education shall not be sent to two schools in the same county until all the other counties in the State have had the opportunity for this aid."

The petition further alleges, that the payment by the State Superintendent of the $1000 is authorized only when the local school authorities provide for "a standard four-year high school," and the authorities have not provided such a course for the Homer School; that said authorities have only provided a total of ten grades, which does not include the standard four-year high school; that the petitioners have no adequate remedy at law; and they pray that the State School Superintendent be enjoined from paying to the Homer School or its officers or any county authorities for the use of said school the sum of $1000 or any other sum under the provisions of the aforementioned act of the General Assembly. The defendants answered and demurred. The demurrer contained the following grounds: "1. That being an executive official of this State, exercising functions in which he has discretionary powers, and especially having discretionary powers in the matter of passing upon qualifications of high schools in the various counties of this State applying for State aid to high schools, he is not subject to be reached by injunction. 2. That the petitioners, being citizens and taxpayers of the State of Georgia, have no right to institute in their names an equitable petition against an officer of this State, without alleging and without proving irreparable damage to such citizens and taxpayers, and without showing that they, the complainants in this case, as distinguished from other citizens and taxpayers in general, have suffered some special and peculiar injury from the threatened wrongful act of which said petitioners complain. 3. That because the State School Commissioner, representing the State, made a party herein, has [and?] being fact and law the representative of the State, and therefore it is the State itself which is being sued in this bill and against which equitable relief is prayed, said suit can not be maintained without the express consent of the State." The court sustained the demurrer and dismissed the petition, "without going into the merits of said case." The plaintiffs excepted.

*E. C. Stark,* for plaintiffs.

*George M. Napier, attorney-general,* and *J. B. G. Logan,* for defendant.