JONES-DABNEY COMPANY *et al.* v. POTTER *et al.*

ATKINSON, J. 1. While on exception to a judgment granting equitable relief it has been held that "A corporation can not, as a plaintiff, maintain an equitable suit to marshal its own assets; and the appointment of a receiver under such a proceeding, over the objection of creditors, duly made, is error" (*Bank of Soperton* v. *Empire Realty Trust Co.*, 142 *Ga.* 34, 82 S. E. 464, and cit.; *Sheboygan Machine Co.* v. *Brooks Oil Co.*, 174 *Ga.* 786 (2), 164 S. E. 182; 8 Fletcher on Corporations, 8852), such ground of error is not jurisdictional. If the court has taken jurisdiction and appointed a receiver, and the order of appointment requires creditors to intervene in the cause and enjoins them from instituting other suits, and the creditors, having been notified of the order by the receiver, do not intervene and object to the proceeding, but stand quiescent while the receiver carries on the business and incurs debts to others for such purpose in pursuance of directions from the court, the action will not be dismissed on motion of intervening creditors, made after expiration of two terms and after incurring of the debt by the receiver, on the ground that plaintiffs, being stockholders of the corporation, could not bring the action for appointment of the receiver. This ruling accords with the decision in *Bartlett* v. *Taylor*, 148 *Ga.* 854 (98 S. E. 491).

2. Applying the foregoing ruling, the judge did not err in overruling the motion of the intervenors to dismiss the action.

*Judgment affirmed. All the Justices concur.*

No. 9229. SEPTEMBER 14, 1933.

*Hendrix & Buchanan*, for plaintiffs in error.
*Dillon, Calhoun & Dillon* and *Ralph R. Quillian*, contra.