LOCAL UNION NO. 3871, UNITED STEEL WORKERS OF AMERICA, et al. v. FORTNER et al.

DUCKWORTH, Presiding Justice. 1. While previously to the act of 1925 (Ga. L. 1925, p. 97) the judge of the superior court was without authority to pass upon a demurrer at an interlocutory hearing for injunction *(Davison-Nicholson Co.* v. *Pound,* 147 *Ga.* 447 (2), 94 S. E. 560), by that act, codified in § 81-1002, the judge was empowered, though not required, to determine the demurrer at an interlocutory hearing before the appearance or first term. See *Wilder* v. *Thomson,* 169 *Ga.* 812 (151 S. E. 806) ; *Meena* v. *Piedmont Realty Co.,* 173 *Ga.* 844 (162 S. E. 144) ; *Imperial Hotel Co.* v. *Martin,* 199 *Ga.* 801 (35 S. E. 2d, 502). Accordingly, the court did not err, as contended by the plaintiffs in error, in failing to pass upon their demurrers at the interlocutory hearing for injunction on November 23, 1946. The new rules of procedure under the act of 1946 (Ga. L. 1946, p. 761), effective January 1, 1947, have no application to the present case, which was heard on November 23, 1946.

2. "Where, on the hearing of an application for injunction, the court fails 'to pass upon' a special plea in abatement, but defers that question until the final hearing, this court will not rule on an assignment of error based upon the failure to render such a judgment. The question will be left open, without prejudice, until further order thereon in the trial court." *Flowers* v. *Wall's Odorless Cleaners Incorporated,* 178 *Ga.* 201 (172 S. E. 561).

3. It is the general rule that, upon a hearing for interlocutory injunction, a preliminary investigation, the evidence be heard by affidavits only, though in the discretion of the trial judge oral testimony may sometimes be allowed. *Southern Cotton Oil Co.* v. *Overby,* 136 *Ga.* 69 (70 S. E. 664) ; *Chattanooga &c. Ry. Co.* v. *Morrison,* 140 *Ga.* 769, 773 (79 S. E. 903) ; *Cassidy* v. *Howard,* 140 *Ga.* 844, 849 (80 S. E. 1) ; *Carter* v. *Johnson,* 156 *Ga.* 207 (3) (119 S. E. 22) ; *Griffith* v. *Hapeville,* 182 *Ga.* 333 (4), 337 (185 S. E. 522). While no order of the court specified

by what method the evidence would be heard, and counsel for the defendants stated in their place that they had been notified only about 48 hours before the hearing that affidavits alone would be considered, they were charged with the duty of knowing the practice of the court in injunction proceedings, and it is not shown that the defendants were in any way misled. Accordingly, the court did not err in refusing to al.ow the defendants, who introduced affidavits in their behalf, to testify orally upon the hearing or to cross-examine the petitioners, who were in court but submitted evidence only by affidavits.

4. The petition, being positively verified, served the office of both pleading and evidence on the application for injunction, and the court did not err in admitting it in evidence over objection of the defendants. *Roberts* v. *Roberts*, 180 *Ga.* 671 (3) (180 S. E. 491); *Atlantic Coast Line Railroad Co.* v. *Gunn*, 185 *Ga.* 108, 111 (4) (194 S. E. 365); *Grizzel* v. *Grizzel*, 188 *Ga.* 418, 422 (2) (3 S. E. 2d, 649); *Kniepkamp* v. *Richards*, 192 *Ga.* 509 (7) (16 S. E. 2d, 24).

5. While peaceful picketing is a form of speech and discussion and a constitutional right that can not be abridged (Thornhill *v.* Alabama, 310 U. S. 88, 60 Sup. Ct. 736, 84 L. ed. 1093; Carlson *v.* California, 310 U. S. 106, 60 Sup. Ct. 746, 84 L. ed. 1104; Milk Wagon Drivers' Union *v.* Meadowmoor Dairies, 312 U. S. 287, 61 Sup. Ct. 552, 85 L. ed. 836, 132 A. L. R. 1200; American Federation of Labor *v.* Swing, 312 U. S. 321, 61 Sup. Ct. 568, 85 L. ed. 855; Carpenters and Joiners' Union *v.* Ritters' Cafe, 315 U. S. 722, 62 Sup. Ct. 807, 86 L. ed. 1143), yet where workmen quit the service of their employer and, as a means of inducing other employees from remaining in or entering into such employment, establish pickets at or near the approaches to the premises, and they and their confederates resort to force, intimidation, or any manner of coercion to prevent others from entering into or remaining in the service of the employer to their irreparable damage, such misconduct will be enjoined by a court of equity. Code, §§ 66-9906, 66-9907, 66-9908; *Jones* v. *Van Winkle Machine Works*, 131 *Ga.* 336 (62 S. E. 236, 17 L. R. A. (N. S.) 848, 127 Am. St. R. 235). See also *Burgess* v. *G. F. & A. Ry. Co.*, 148 *Ga.* 417 (96 S. E. 865); *Robinson* v. *Bryant*, 181 *Ga.* 722 (184 S. E. 298).

6. In the present action for injunction against named individuals and the local union of which they were members, involving no question of the right to strike, but only the issue whether or not force, intimidation, or violence was being used in picketing to prevent the petitioners from entering the premises of their employer for work, the court was authorized to find from the affidavits of the petitioners and their positively verified petition introduced in evidence the following facts: The petitioners were employees of Glover Machine Works at its plant near the City of Cordele, Georgia, satisfied with their work and desirous of continuing at it. They were paid by the hour, received no pay when not actually at work, and were dependent upon their work for their livelihood. The individual defendants were composed in part of striking employees of the machine works and in part by others who were not so employed but who joined in the picketing of the plant. After a strike at the plant on October 31, 1946, the defendants began picketing at the only entrance to the plant, using an adjoining piece of

property which they had rented. The employer constructed another entrance from the highway, about one-half mile south of the other, in order that the employees desiring to work might enter the premises without annoyance. When, however, some of the petitioners sought, on November 11, 1946, to use the new entrance the defendants blocked it by continually walking across it at the junction with the highway, walking about one foot apart and thereby creating a condition where the petitioners could not enter without pushing some of the defendants out of the way or driving their automobiles onto or upon them as they were massed at the entrance. Those seeking to enter were informed that they could not go through and that "from now on we are going to stop you," but after being delayed about two hours and after calling the sheriff to the scene they were permitted to enter the premises. On November 12, 1946, both entrances were blocked. When some of the petitioners sought to enter by the new road on November 12, 1946, the defendants refused to move from the entrance, even when the bumpers of the automobiles driven by the petitioners touched some of them. One of the petitioners testified by affidavit that on the day after the strike the old entrance was blocked by the defendants and that he was denied admission. It was alleged in the petition that the officers of the union directed the activities complained of. Under the pleadings and the evidence and the applicable principles of law stated in the preceding headnote, the court did not err in continuing in force, as an interlocutory injunction as prayed, the order granted by it which restrained the defendants from preventing or attempting to prevent the petitioners, by threats, violence, intimidation, or other unlawful means, from performing the duties of their employment, from using profane, vulgar, abusive, intimidating or derogatory language to, about or concerning the petitioners, or from blocking any entrance to the plant and property of Glover Machine Works and from blocking the private roadways leading from the highway to the plant, and from interfering in any way with the petitioners in traveling over such private way in going to or returning from the work at the said plant, and from at any time maintaining or having more than two pickets at or along any entrance to the plant. As to the reasonableness of limiting the number of pickets at any entrance to two, see the recent case of Westinghouse Elec. Corp. v. United Elec. Radio &c. Workers, 139 N. J. Eq. 97 (49 Atl. 2d, 896), involving similar technique in picketing.

7. The assignment of error on the failure of the court to pass upon the motion to dissolve the restraining order is controlled, adversely to the plaintiffs in error, by the preceding ruling.

*Judgment affirmed. All the Justices concur.*

No. 15799. MAY 13, 1947.

*Benjamin Zeesman* and *Jerome A. Cooper,* for plaintiffs in error. *E. F. Strozier, J. W. Dennard. Jones, Williams & Dorsey,* and *Madison Richardson,* contra.