23651. FLEMING et al. v. TERMINAL TRANSPORT COMPANY, INC.

MOBLEY, Justice. The petitioner, Terminal Transport Co., Inc., filed a petition to temporarily and permanently enjoin fifty named individuals from illegal mass picketing and various acts incidental thereto. At a hearing on the temporary injunction, defendants made an oral motion to dismiss the petition on the ground that it set forth no cause of action at law or in equity for the relief sought. The trial judge overruled the motion to dismiss, and defendants appeal from that judgment, enumerating it as error.

Appellants' main contentions are that the petition is defective on its face (1) because it is brought against individual defendants for alleged trespasses by each of them, and (2) because it shows that petitioner has failed to comply with its contract with the Truck Drivers and Helpers Local Union No. 728 and the defendants by failing to invoke the grievance and arbitration procedure provided in the contract. *Held:*

1. The power and authority of state courts to enjoin unlawful mass picketing is recognized by both the federal and state courts. United Auto, Aircraft &c. Workers of Amer. v. Wisconsin Employment Rel. Bd., 351 U. S. 266 (76 SC 794, 100 LE 1162); Int. Brotherhood of Teamsters, Local 695, AFL v. Vogt, Inc., 354 U. S. 284 (77 SC 1166, 1 LE2d 1347); Milk Wagon Drivers Union of Chicago, Local 753 v. Meadowmoor Dairies, 312 U. S. 287 (61 SC 552, 85 LE 836); *Local Union No. 3871, United Steel Workers of Amer. v. Fortner,* 202 Ga. 206 (5) (42 SE2d 734); *Pedigo v. Celanese Corp.,* 205 Ga. 392 (54 SE2d 252); *N.A.A.C.P. v. Overstreet,* 221 Ga. 16 (142 SE2d 816). The petition alleges violations by defendants of the statute, *Code Ann.* § 54-801 et seq. (Ga. L. 1947, p. 620) prohibiting the use of force or threats to prevent another from quitting or continuing employment (*Code Ann.* § 54-801), unlawful assemblage with the use of force, violence, threats or intimidation to prevent anyone from engaging in any lawful vocation (*Code Ann.* § 54-802), mass picketing (*Code Ann.* § 54-803), compelling any person to strike or refrain from striking against his will by threats to his person, family, or property (*Code Ann.* § 54-804), preventing an employer from engaging in a lawful business (*Code Ann.* § 54-805), and alleges the violation of Ga. L. 1960, p. 142, which makes it unlawful for any person to refuse to leave the premises of another when requested to do so. Without restating the language in the petition, we hold that there are allegations in the petition as to unlawful mass picketing and other illegal activities on the part of defendants, prohibited by the foregoing statutes, which allegations state a cause of action for injunctive relief.

2. That the petition fails to allege a conspiracy or concert of action by defendants is wholly immaterial to the cause of action. The Act (Ga. L. 1947, p. 620; *Code Ann.* § 54-801 et seq.) expressly operates against any individual acting alone or in concert with one or more other persons engaged

in the prohibited activity, and numerous persons, not joined in a conspiracy or concert of action, may violate its provisions.

3. The failure of petitioner to invoke the grievance and arbitration procedure provided in the contract with the union is no bar to the present action because the union is not a party to the action. Furthermore, it is alleged that the conduct of defendants was "disclaimed and repudiated by said labor organizations, said strike being termed as a 'Wildcat Strike' by representatives of said labor organizations." Defendants could not in good conscience, and in equity, require petitioner to follow the grievance and arbitration procedure in the collective bargaining agreement when, by their conduct, they have shown a complete disregard for that procedure. Accordingly, we hold that the petition states a cause of action to enjoin defendants and is not defective for any reason urged on appeal.

*Judgment affirmed. All the Justices concur.*

ARGUED SEPTEMBER 15, 1966—DECIDED OCTOBER 6, 1966.

*Robert L. Mitchell,* for appellants.

*Frank E. Specht, Donald A. Weissman, Cohen, Kohler, Barnwell & Chambers,* for appellee.