HOFFER *vs.* GLADDEN, sheriff, *et al.*

1. Grounds of a motion for new trial which complain of the admission of evidence, but do not state the ground of objection thereto, cannot be considered by this court.

2. There was no error on this issue in giving in charge to the jury §§3173, 3176, 2751 of the Code, which define constructive and actual fraud, and announce that fraud may be consummated by signs or tricks, or through agents employed to deceive, or any

other unfair way used to cheat another, and declare that fraud voids all contracts, and though it cannot be presumed, yet is subtle in itself, and slight circumstances may be sufficient to carry conviction of its existence.

3. Where a mortgage was attacked as fraudulent, and it appeared that it had been attested before a notary public, as of May 5, 1882, and subsequently a paper was pasted over this attestation, containing a second attestation, before a commissioner of deeds for Georgia, in Missouri, which was without date, and it was conceded that the true date of the execution of the mortgage was June 23, 1882, and it appeared that that was the date of the commissioner's attestation, it was the duty of the judge to submit to the jury the question whether this was a fair re-execution of an instrument at first illegally executed, and whether it was made in good faith or was fraudulent in design.

4. To sell or mortgage his entire property by an insolvent debtor pending suit, is a badge of fraud, and to do so in an unusual mode differing from the manner in which such business is generally transacted, to the extent that suspicion would be excited that the transaction was unfair, is also a badge of fraud. To charge this, in effect, was not error, nor was it necessary for the court to tell the jury what is usual or what would excite suspicion.

5. Failure to produce testimony is a badge of fraud, where the *bona fides* of the transaction is in issue, and witnesses who ought to be able to explain it are in reach.

6. Concealment also is a badge of fraud, and such concealment might exist, although the mortgages were recorded, the record showing only a fair copy of the papers, and not a blur or alteration or pasting of one attestation over another; and fraud arising from such concealment and other badges will vitiate the mortgage, as respects subsequent creditors who give credit about the time of its commission.

(a.) In this case all of the creditors had given credit before the transaction, except one, and he had made part of his account prior to the mortgage; and all gave credit about or before the time these curious mortgages were executed and re-executed in such an unusual manner. If the transaction was consummated with intent to wrong creditors dealing with the debtor, and did hurt them, it was fraudulent.

7. It was right to charge §1952 of the Code, which defines fraudulent conveyances.

8. The evidence of fraud in this case is abundant, and the verdict was justified, if not required, by the evidence.
December 22, 1885.

Evidence. Practice in Supreme Court. Fraud. Mort-

gage. Debtor and Creditor. Record. Charge of Court Before Judge LUMPKIN. Bartow Superior Court. January Adjourned Term, 1885.

To the report contained in the decision, it is necessary to add only that the grounds of the motion for a new trial were, in brief, as follows:

(1) to (4). Because the court erred in admitting in evidence the testimony of certain named witnesses, over objections of counsel for Hoffer, the claimant of the fund. [The testimony objected to is stated, but not the grounds of objection.]

(5.) Because the court charged as follows: " The true date of a mortgage was the day it was executed and delivered, although it might be a different date on its face. Counsel for Hoffer concede that both mortgages were executed on 23d day of June, 1882. If these mortgages reached Hoffer, or any one authorized to receive them for him, that would be a sufficient delivery; otherwise, not. On looking at the mortgage, dated 27th April, 1882, and holding it up to the light, you will see that the attestation clause is pasted over an acknowledgment made before a notary public in St. Louis, Missouri, May 5th, 1882. Now, in reference to this, I charge you that if, in ignorance of the law, the parties execute a mortgage defectively, it is no fraud, when they find out that it is defectively executed, to have it executed properly; but you, gentlemen of the jury, are to pass upon the question as to whether it was fraudulently executed or not, and in doing so, you can look to anything that appears on the face of the mortgage or on the mortgage in connection with the other evidence, in determining the question." [The court added the following note:

"As to the fifth ground, the court certifies one of the mortgages had a piece of paper pasted over what appeared to be a previous acknowledgment of it before a notary public, which could be read through the top paper, when held to the light, and the execution before the commissioner of deeds was written on the top paper. This was the

matter concerning which the court left the jury to determine whether there was evidence of fraud in the execution which is complained of in this ground."]

(6), (7), (8.) Because the court gave in charge to the jury §§3173, 3176, 2751 of the Code, on the subject of fraud.

(9.) Because the court charged the jury that, pending suit, insolvency and transfer of entire estate were badges of fraud; and then added: " Any unusual act outside of the usual course of business, or differing from the manner in which such business is generally transacted, which would excite suspicion that the transaction was unfair, would be a badge of fraud from which its existence may be inferred."—The objection was that "no unusual act was described or defined as being a badge of fraud, and the jury were left to conjecture and determine for themselves what was usual."

(10.) Because the court charged that a failure to produce testimony was a badge of fraud; also that secrecy or concealment was a badge of fraud.—The objection was that there was no evidence, as movant insisted, that he was in possession of any testimony which was not produced, or of any secrecy or concealment on his part.

(11.) Because the court charged that subsequent concealment of a mortgage or fraud would be sufficient to set the transaction aside as to subsequent creditors, provided they were misled by such concealment, as proved, to their injury; but such subsequent concealment would not amount to a fraud as to debts existing when the mortgage was made.

(12.) Because the court gave in charge §1952 of the Code, as to acts void against creditors.

(13,) (14). Because the verdict was contrary to law and evidence.

The motion was overruled, and Hoffer excepted.

Graham & Graham, for plaintiff in error.

J. M. Neel; John H. Wikle; John W. Akin; R. W. Murphey, for defendants.

JACKSON, Chief Justice.

A fund raised from the sale of property of the Republic Iron Mining Company was in the hands of the sheriff for distribution, under a rule made against him and an untraversed answer by him. The plaintiff in error claimed the money by virtue of executions issued on foreclosing two mortgages. Defendants in error claimed under divers attachments of theirs, and made the allegation that the mortgages were fraudulent conveyances, designed to hinder and delay them in getting their money, and therefore void. Issue was joined on the denial of this allegation by plaintiff in error; the issue was found in favor of the allegation of fraud, and judgment rendered accordingly. A motion for a new trial was refused, and plaintiff in error assigns error here on the several grounds taken in the motion.

1. The assignments of error on the 1st, 2d, 3d and 4th grounds of the motion cannot be considered here, because they all go to the admission of evidence, and the ground on which that evidence was objected to is not specified in either of the several grounds of the motion above numbered.

2. There was no error, on this issue, in giving in charge to the jury the 3173d, 3176th and 2751st sections of the Code, which define constructive and actual fraud, and announce that fraud may be consummated by signs or tricks, or through agents employed to deceive, or any other unfair way used to cheat another, and declare that fraud voids all contracts, and though it cannot be presumed, yet is subtle in itself, and slight circumstances may be sufficient to carry conviction of its existence.

To charge the substance of these three sections was essential to a fair and full trial of the issue, and the sections being in very plain language, easily understood by any rational mind, to give them in statutory language was the best mode of instructing the jury on the law of the case,

inasmuch as there are facts in the evidence which support the propriety of giving the law of each section to the jury.

3. Nor was there error in saying to the jury, that on looking at the mortgage, they would see a paper pasted over the sheet on which the mortgage was written, and over that part which had been before attested by a notary public, and was now on the upper paper attested by the Georgia commissioner in Missouri, and explaining to them that there was no fraud in re-executing an instrument which had been illegally executed before, yet that the jury are to pass upon the question whether it was fraudulently executed or not, it being conceded that the true date of the execution of the mortgages was the 23d of June, 1882, while the execution before the notary public appeared to be the 5th of May, 1882. I have given only the substance, not the language, of the judge. In that language, there was nothing intimating any opinion on any contested fact. The execution before the commissioner was without date, and that is on the paper pasted over the execution before the notary, so as to hide the other; yet its date of the 5th of May, by holding up the paper to a strong light, might be seen; and the proof is clear, and admitted, that the execution before the commissioner was on the 23d of June,—so testified by himself from his book, and admitted to be true. The point we rule is, that, under such circumstances, it was the duty of the judge to submit to the jury the question, was this a fair re-execution of a prior illegal one, made in good faith, or was it fraudulent in design?

4. To sell or mortgage his entire property by an insolvent debtor pending suit is a badge of fraud, and to do so in an unusual mode differing from the manner in which such business is generally transacted to the extent that suspicion would be excited that the transaction was unfair, is also a badge of fraud. To charge to this effect is not error, nor is it necessary for the court to tell the jury what is usual, or what would excite suspicion, which is the ground of complaint by the plaintiff in error. Indeed, it might be erroneous for the court to do so.

Hoffer *vs.* Gladden, sheriff, *et al.*

5. So, failure to produce testimony is a badge of fraud, where the *bona fides* of the transaction is in issue, and witnesses who ought to be able to explain are in reach. The plaintiff in error himself, though a non-resident of Georgia, if the transaction, in which he had not only large pecuniary interest, but character at issue, was on trial, ought to be on hand, either in person or by interrogatories, to explain that transaction. Certainly the officers of the company which made the mortgages should be called.

6. Concealment also is a badge of fraud; and such concealment might exist, though the mortgages were recorded. The record would only show a fair copy of the papers; not a blur or alteration or pasting one attestation over another, would appear of record; and fraud arising from such concealment and other badges will vitiate the mortgage as respects subsequent creditors who credit about the time of its commission. In this case, all had credited the company before the transaction, except one, and that one, it would seem, had himself made part of his account prior to the mortgage. Certainly all the creditors gave credit about or before the time these curious mortgages were executed and re-executed in such an unusual manner.

So that, even if the charge attached in the 11th ground be obscure, or otherwise objectionable, which we do not see, it did no harm. If the transaction was consummated with intent to wrong creditors dealing with the company, and did hurt them, it is fraudulent. Bump on Fraud. Conveyances, pp., 314, 315, 316, 317, 318 *et seq.* and citations.

7. It was certainly right to lay before the jury section 1952 of the Georgia Code, which defines fraudulent conveyances. The charge by defendants in error was that these mortgages were just such papers; and not to instruct the jury thereon would have been erroneous.

8. The evidence of fraud is abundant. The case wears badges of it all over its body. The curious mode of the execution; the covering up one attestation under another;

the repeated statements of Silva, the agent of the company, that these mortgages were not valid, that he could move them out of the way in five minutes; the fact that he was not called to testify by the mortgagor or mortgagee, thereby admitting the truth of what he said, that the mortgages were a mere sham and fraud; the fact that the mortgagee did not appear to explain anything; the fact that the debts secured by the mortgages were not verified as just and owing; the same attorney representing both mortgagor and mortgagee; Silva's, the agent's trip to St. Louis, where the corporators lived as soon as the property was attached and suits began to threaten; his return with the mortgages re-executed; Hoffer claiming residence in Pennsylvania, yet the notes dated at St. Louis, payable nowhere, but with exchange on St. Louis; the insolvency of the mortgagor; the possession of the mortgages by Silva, the agent of the company; the failure to swear the same Silva, when his sayings were in evidence, that he could in five minutes show all to be a sham, and though the same counsel represented the mortgagor as well as mortgagee, whose agent was thus talking generally; the conduct of this agent in connection with the mortgages, and his trip to St. Louis and return with them and handling them, and yet not a word of explanation from him, from any corporator or officer in St. Louis or in Georgia, or from the plaintiff in error, or anybody for him,—all these, and others too numerous to notice, all are *indicia* of fraud, which fully justify, if they do not command, the verdict. 23 How. U. S., 477; 6 Wall., 299, head-note 7; Bump. Fraud. Conv., pp. 38, 48, 34, 36, 37 and citations; 56 *Ga.*, 414; 17 *Id.*, 558; 31 *Id.*, 371 ; 22 *Id.*, 402.

Judgment affirmed.