SIMMONS *et al. v.* ATLANTA TELEPHONE AND TELEGRAPH COMPANY *et al.;* and *vice versa.*

PER CURIAM. 1. The facts set up by the defendants in the present case, and to show which they introduced evidence, are such as to distinguish it from *Morel* v. *Hoge*, 130 *Ga.* 625 (61 S. E. 487, 16 L. R. A. (N. S.) 1136, 14 Ann. Cas. 935); and it can not be declared as matter of law that the plaintiffs were entitled to an interlocutory injunction under the ruling there made.

2. As to material facts there was conflict in the evidence, and the presiding judge did not abuse his discretion in refusing to grant the injunction for which the plaintiffs prayed.

3. The assignment of error on the admission in evidence of a master's report was not referred to in the brief of counsel for plaintiffs in error, and will be treated as abandoned.

4. The presiding judge, in connection with his order denying an interlocutory injunction, filed an opinion, briefly discussing his views of the case. In one clause of it he said: "This voting power, this so-called voting trust, was limited as to time, and its efficacy would terminate whenever the debt shall be paid to the Stromberg Company." In view of the question then to be determined, and the context, this was not a final adjudication of such fact, but a mere discussion, leading up to the order denying the injunction.

*Judgment affirmed on the main bill of exceptions. Cross-bill of exceptions dismissed. All the Justices concur.*

FEBRUARY 25, 1913.

Petition for injunction. Before Judge Ellis. Fulton superior court. February 5, 1912.

*Anderson, Felder, Rountree & Wilson,* for plaintiffs.
*Hardeman, Jones, Park & Johnston,* for defendants.