MOBLEY, superintendent of banks, *et al.* v. BRUNDAGE *et al.*

HINES, J. 1. It not appearing that any questions of law were passed on by the trial judge in granting the interlocutory injunction complained of, but it appearing that the judge treated the case presented as turning on issues of fact, and that the evidence was conflicting upon these issues, there was no abuse of discretion in granting such injunction. *Mathews* v. *Taylor County,* 129 *Ga.* 630 (59 S. E. 273).

2. This court will not interfere with the discretion of the chancellor in granting an injunction, unless some rule of law or established principle of equity has been violated. *Gunby* v. *Thompson,* 56 *Ga.* 316.

3. Interesting and important questions of law are discussed in the briefs of counsel for the respective parties; but it does not appear from the record that the trial judge made any ruling thereon. In these circumstances the trial judge could by interlocutory injunction retain the

830

status until the issues of law and fact involved could be more thoroughly threshed out on the final hearing; and as no serious injury will result to the defendant by adopting this course, we will not reverse the judgment of the trial judge on the ground that the grant of an interlocutory injunction was an abuse of discretion.

*Judgment affirmed. All the Justices concur.*

No. 7644. JULY 19, 1930.

*C. N. Davie* and *J. F. Kemp,* for plaintiff in error.
*Eli B. Hubbard,* contra.