18441. FIRST FEDERAL SAVINGS & LOAN ASSN, *et al. v.* OWEN *et al.*

SUTTON, Justice. 1. This litigation involves an equitable petition seeking to enjoin a foreclosure proceeding, cancellation of deeds, and other relief. The exception is to a judgment granting an interlocutory injunction pending final hearing. The grant or denial of such an injunction rests in the sound discretion of the trial judge, according to the circumstances of each case (Code § 55-108), and where the evidence is conflicting, his decision will not be controlled by this court unless it is manifest that he has abused such discretion. *Tift* v. *Farmers Bank of Tifton,* 210 *Ga.* 35 (77 S. E. 2d 505), and cases cited.

2. The following, which was said in *Mobley* v. *Brundage,* 170 *Ga.* 829 (3) (154 S. E. 452), is applicable in the present case: "Interesting and important questions of law are discussed in the briefs of counsel for the respective parties; but it does not appear from the record that the trial judge made any ruling thereon. In these circumstances the trial judge could by interlocutory injunction retain the status until the issues of

law and fact involved could be more thoroughly threshed out on the final hearing; and as no serious injury will result to the defendant by adopting this course, we will not reverse the judgment of the trial judge on the ground that the grant of an interlocutory injunction was an abuse of discretion."

3. The present case differs on its facts from *Washington National Ins. Co.* v. *Mayor &c. of Savannah,* 196 *Ga.* 126 (26 S. E. 2d 359), cited and relied on by counsel for the plaintiff in error, in which there was no real dispute between the parties except as to a question of law. The petition, being positively verified, served the office of both pleading and evidence, and was evidence of probative value, sustaining the judgment which in effect continued the temporary restraining order pending a final hearing. *Local Union No. 3871* v. *Fortner,* 202 *Ga.* 206 (4) (42 S. E. 2d 734), and cases cited. An examination of the evidence in this case as shown by plaintiff's petition which is positively verified, and the affidavits as submitted by her on the one side, and the affidavits submitted by the defendant bank on the other side, will show that there is a direct conflict in the evidence on the material issue before the trial judge on the interlocutory hearing; and, accordingly, the trial judge did not abuse his discretion in granting an interlocutory injunction pending a final hearing of the case.

*Judgment affirmed. All the Justices concur, except Wyatt, P. J., who dissents.*

ARGUED JANUARY 13, 1954—DECIDED FEBRUARY 11, 1954—REHEARING DENIED FEBRUARY 24, 1954.

*Johnson, Hatcher & Meyerson,* for plaintiff in error.
*Alford Wall, Weldon Shows,* contra.

Alice D. Owen filed a suit in Fulton Superior Court against First Federal Savings & Loan Association, a corporation in Fulton County, and Marvin W. Owen, a resident of DeKalb County, and the petition as amended alleged substantially the following: On August 30, 1944, the petitioner acquired by warranty deed a described improved lot known as 3420 Elkin Street, in Hapeville, Fulton County, Georgia. Since the above date and up to the present time, the petitioner has resided on and had actual possession of the realty. On August 4, 1952, she conveyed said property by warranty deed to the defendant, Marvin W. Owen, he being her son, for the purpose of having him hold it in trust for her during her lifetime. No money passed as consideration for the conveyance. Marvin W. Owen had for many years prior to the transaction occupied a close and confidential relationship with the petitioner, and she had implicit trust and confidence in him. The petitioner, an aged and infirm woman unable to read

small print, was induced by her defendant son to sign the deed to him at night in the front seat of an automobile, without reading it, or being able to read the contents thereof. The petitioner signed the deed upon the representation of Marvin W. Owen that it reserved a life-estate interest in her. By virtue of the above facts, Marvin W. Owen was guilty of fraud in obtaining the deed from his mother. Thereafter, Marvin W. Owen, in violation of his trust to the petitioner, conveyed the property to First Federal Savings & Loan Association (hereinafter referred to as the bank), for the purpose of securing a loan of $5,000, evidenced by a security deed. The petitioner had no notice of the transaction between the defendants, and received therefrom no monies or benefit direct or indirect. The bank entered into the transaction with Marvin W. Owen with actual knowledge and notice that the petitioner was the true owner, and that she had been in actual possession since August 30, 1944. The bank is now attempting to foreclose under its security deed from Marvin W. Owen, and the property has been advertised for sale on the first Tuesday in October, 1953. Marvin W. Owen has not resided on the premises since the year 1946, and the petitioner has been in exclusive possession in her capacity as owner and landlord for the past four years, except for portions of the premises which she has rented to tenants. For the past two years Marvin W. Owen has lived in DeKalb County with his wife. Copies of the three deeds in question were attached as exhibits and made parts of the petition.

The prayers, besides for service, second original, and rule nisi, were: that the deeds from the petitioner to Marvin W. Owen, and from the latter to the bank, be set aside and canceled; that title to the realty be decreed to be in the petitioner; that Marvin W. Owen be enjoined from selling or in any manner divesting himself of title; that the bank be enjoined from further attempting to foreclose its lien until the merits have been adjudicated; and that the petitioner have general equitable relief.

The trial judge granted a temporary restraining order. At the interlocutory hearing the verified petition was introduced in evidence, together with affidavits of other witnesses as follows:

The petitioner deposed: Her son brought to her home a paper, to the effect that in consideration of her conveying the realty to

him, he would provide a home for her during her lifetime, and would support her in accordance with the state of society to which she had previously been accustomed. Her son stated that the paper was an agreement to protect her. She did not read the paper, but signed it at the request of her son. The paper, which was dated August 4, 1952, was signed by both parties in the petitioner's home and no one was present except herself and her son. The signing of the agreement took place several days after execution of the deed conveying the realty to her son. She made no agreement other than to convey a remainder estate in the realty to her son, and that she was to have reserved to her a life estate.

Mrs. Mary E. McIntosh and others deposed: The petitioner has had actual and uninterrupted possession of the premises in dispute for nine years, and she is generally known in the neighborhood to be the sole owner of the premises.

Mr. and Mrs. L. R. Wells deposed: They rent a garage apartment located on the premises from the petitioner and have paid rent to her for approximately thirteen months. She has always held herself out as owner and has been in uninterrupted possession and control of the premises during the above period.

James G. Owen and W. D. Owen, who are sons of the petitioner and brothers of Marvin W. Owen, deposed: Their mother has been in exclusive possession of the premises during the past four years, and Marvin W. Owen has not resided thereon since 1946.

F. C. Mason, a notary public, deposed that he notarized the deed from the petitioner to her son at the request of the son, and that the petitioner assented to it.

Marvin W. Owen, the defendant son, deposed: He is the owner of the fee simple and record title of the realty in question, and from March, 1952, through November, 1952, he and his wife maintained a bedroom in the home. They slept there on weekends and on many occasions during the middle of the week. In March, 1952, he began building on and improving the property and worked thereon after regular working hours and on week-ends until the job was completed. He returned and paid the 1952 taxes. His request for a homestead exemption on the property was refused by the tax authorities because a portion of the property was rented. He borrowed approximately $2,700

from the bank in December, 1952, and used the money for improvements previously made and for bills for materials previously incurred and paid for from his own funds or personal credit. From March, 1952, through November, 1952, he paid his mother's grocery bills, paid for plumbing and other home bills, and gave her money for personal use. The tenant in the garage apartment moved in about September, 1952, with an agreement accepted by his mother that the tenant would have an option to purchase the property after the improvements were completed. To prevent further arguments, the defendant and his wife moved their personal belongings to DeKalb County in November, 1952, when his mother got mad at both of them for no reason.

Weldon Shows, an attorney at law, deposed for the defendants: He was employed by the son and prepared the deed for the mother to sign. The consideration, according to conversation between the parties, was that the son would provide a home for his mother during her lifetime. Marvin W. Owen agreed that he would support his mother for the rest of her natural life in return for the conveyance. Deponent told the parties that the agreement should be in writing and he prepared the agreement, referred to in the petitioner's affidavit, and the parties stated that it expressed their agreement. The deed was signed by the mother freely and without coercion of any kind and she did not make any statement that the property was to be conveyed in trust. In October, 1951, deponent prepared a deed from the petitioner to her sons, Marvin W. Owen and James G. Owen, which provided: "Grantor herein reserves for herself a life estate in the property." When deponent prepared the deed dated August 4, 1952, the mother did not request him to put in any provision reserving the life estate, but was satisfied with the oral agreement with her son, which deponent reduced to writing.

C. C. Mason, the notary public who testified for the petitioner that he notarized the deed at the request of the son, deposed for the defendants that the petitioner requested him to witness her signature on the deed from herself to her son, and that she signed it freely, voluntarily, and without reservation of any kind and no promise was made to her in deponent's presence.

G. W. West, president of the bank, deposed: He approved a loan to Marvin W. Owen on November 15, 1952, which was se-

cured by a deed to secure debt on the property in question. He had previously approved a loan on April 24, 1949, to the petitioner, which was secured by the same property. The loan to the son was in the sum of $5,000, of which $1,994.29 was used to pay the balance due on the old loan. He did not know that the petitioner claimed any right in the property at the time of the loan to her son, and was not informed that she had made any reservations in the deed conveying the property to her son. Had he known that the mother claimed any rights in the property he would not have approved the loan, because the charter of the bank forbids it to make any loan except on realty secured by a first mortgage.

R. R. Rhudy, deposed for the defendants: On December 3, 1952, he as attorney for the bank closed a loan in the sum of $5,000 in favor of Marvin W. Owen. He ran title on the property and found record title to be in Marvin W. Owen, who claimed to be the owner and made an affidavit to that effect. Deponent had no knowledge that the petitioner had, or claimed, any interest in the property.

The defendants also introduced documentary evidence which consisted of the loan-closing record of the bank, showing that Marvin W. Owen and James G. Owen reconveyed the property to their mother on July 28, 1952, by warranty deed, and a letter dated January 17, 1953, from the petitioner to her defendant son, requesting money for glasses and clothing and notifying him that some work was needed on plumbing in an apartment on the premises.

After hearing evidence, the trial court rendered a judgment continuing in effect the ex parte restraining order issued against Marvin W. Owen, and, pending final hearing, enjoining the bank from foreclosing its lien upon the realty. To this judgment the bank excepted and assigned error thereon as being contrary to law and the evidence and without evidence to support it.