210 Ga. 424 (1954)
80 S.E.2d 169
FIRST FEDERAL SAVINGS & LOAN ASSN, et al.
v.
OWEN et al.
18441.
Supreme Court of Georgia.
Argued January 13, 1954.
Decided February 11, 1954.
Rehearing Denied February 24, 1954.
Johnson, Hatcher & Meyerson, for plaintiff in error.
Alford Wall, Weldon Shows, contra.
*429 SUTTON, Justice.
1. This litigation involves an equitable petition seeking to enjoin a foreclosure proceeding, cancellation of deeds, and other relief. The exception is to a judgment granting an interlocutory injunction pending final hearing. The grant or denial of such an injunction rests in the sound discretion of the trial judge, according to the circumstances of each case (Code § 55-108), and where the evidence is conflicting, his decision will not be controlled by this court unless it is manifest that he has abused such discretion. Tift v. Farmers Bank of Tifton, 210 Ga. 35 (77 S. E. 2d 505), and cases cited.
2. The following, which was said in Mobley v. Brundage, 170 Ga. 829 (3) (154 S. E. 452), is applicable in the present case: "Interesting and important questions of law are discussed in the briefs of counsel for the respective parties; but it does not appear from the record that the trial judge made any ruling thereon. In these circumstances the trial judge could by interlocutory injunction retain the status until the issues of *425 law and fact involved could be more thoroughly threshed out on the final hearing; and as no serious injury will result to the defendant by adopting this course, we will not reverse the judgment of the trial judge on the ground that the grant of an interlocutory injunction was an abuse of discretion."
3. The present case differs on its facts from Washington National Ins. Co. v. Mayor &c. of Savannah, 196 Ga. 126 (26 S. E. 2d 359), cited and relied on by counsel for the plaintiff in error, in which there was no real dispute between the parties except as to a question of law. The petition, being positively verified, served the office of both pleading and evidence, and was evidence of probative value, sustaining the judgment which in effect continued the temporary restraining order pending a final hearing. Local Union No. 3871 v. Fortner, 202 Ga. 206 (4) (42 S. E. 2d 734), and cases cited. An examination of the evidence in this case as shown by plaintiff's petition which is positively verified, and the affidavits as submitted by her on the one side, and the affidavits submitted by the defendant bank on the other side, will show that there is a direct conflict in the evidence on the material issue before the trial judge on the interlocutory hearing; and, accordingly, the trial judge did not abuse his discretion in granting an interlocutory injunction pending a final hearing of the case.
Judgment affirmed. All the Justices concur, except Wyatt, P. J., who dissents.