18517. LOADMAN *v.* DAVIS (now VERMILLION).

ARGUED MARCH 8, 1954—DECIDED APRIL 12, 1954.

*James E. Findley, William A. Searcey,* for plaintiff in error.
*Bouhan, Lawrence, Williams & Levy,* contra. ·

ALMAND, Justice. John W. Loadman, trading as Alladin's Dance Studio, brought an equitable petition against Dolores Davis, seeking to enjoin the defendant from entering into or continuing services, or otherwise acting in aid of the business of the Arthur Murray School of Dancing, which services were alleged to be in violation of a written contract of employment between the plaintiff and the defendant, dated September 2, 1953, in which contract the defendant, as a dancing teacher and instructor, agreed that during her employment and for 12 months after the termination thereof she would not directly or indirectly be or become engaged in the business of a dancing instructor or teacher, with certain exceptions, in the City of Savannah, Georgia, or within a radius of 25 miles thereof.

In her answer, the defendant admitted the execution of the contract of employment, but alleged that, before she became

employed as a dancing instructor with the Murray School, she obtained the consent of the plaintiff to do so, and he released her from said contract, and by mutual consent the same was terminated and her obligation thereunder was discharged.

Upon the hearing of the petition for an interlocutory injunction, it appeared without dispute that the defendant entered into the written contract as alleged in the petition, and that she left the plaintiff's employment on December 2, 1953, and later accepted employment with the Arthur Murray School of dancing, where she was performing the duties of a dancing teacher or instructor. As to the circumstances under which she left the plaintiff's employment and accepted employment with the Murray School, the evidence is in direct conflict. The defendant testified that before she left the plaintiff's employment, she went to him and informed him that she wanted to go back to the Murray School where she had been formerly employed, and if she did, would the plaintiff "try to hold me to the contract," and that the plaintiff stated that, if she wanted to leave him and go to the Murray School, it would be all right with him, and that she talked to a Mr. Anderson of the Murray School and asked him for a job, and he, Anderson, informed her that he could not give her a job unless the plaintiff released her from her contract, and thereupon the defendant and Mr. Anderson went to the plaintiff and asked him if it would be all right for the Murray School to employ the defendant, and the plaintiff answered it would be all right, "If she [the defendant] wants to go back to you [the Murray School], I will write a written release", and thereafter the defendant began to work as a dancing teacher at the Murray School. The plaintiff denied that he told the defendant that she could go to work for the Murray School and that he would release her. He testified that the defendant came to him and asked if she could work for another studio, and that he told her he would consider it, and asked her to have Anderson of the Murray School to call him, and that he told Anderson he would consider the defendant going to work for the Murray School, and that he later telephoned Anderson that he would not agree to it.

The court, upon consideration of the law and facts, entered an order denying an interlocutory injunction. The bill of exceptions assigns error on this order.

The granting and continuing of injunctions always rests in the sound discretion of the trial judge, according to the circumstances of each case. Code § 55-108. The refusal to grant an interlocutory injunction, not appearing to have been dependent upon questions of law only, but also upon material questions of fact, will not be interfered with by this court where it appears that there was a conflict in the evidence on the issues of fact. *Kirkland* v. *Atlantic & Birmingham Ry. Co.,* 126 *Ga.* 246 (2) (55 S. E. 23); *Mobley* v. *Brundage,* 170 *Ga.* 829 (1) (154 S. E. 452). Where the right of the plaintiff is in doubt, the grant or refusal of an injunction on conflicting evidence is within the discretion of the court. *Simmons* v. *Atlanta Telephone &c. Co.,* 139 *Ga.* 488 (2) (77 S. E. 377).

It is contended by counsel for the plaintiff that, though the evidence be conflicting on the question of whether or not the plaintiff consented to the termination of the employment contract by the defendant and her subsequent employment by the Murray School, the court as a matter of law should have granted an interlocutory injunction, because the contract of employment was in writing and could not be abrogated or terminated except by an agreement in writing. Code § 20-905 provides that rescission of a contract by consent or release of the other party is a complete defense. This court in *Crutchfield* v. *Dailey,* 98 *Ga.* 462, 463 (25 S. E. 526), quoted with approval the following statement from 21 Am. & Eng. Enc. of Law: "While a valid executed contract cannot be discharged by a simple agreement, but only by performance, by release under seal, or by an accord and satisfaction, one that is executory, that is, one that has not been acted upon, may be discharged by an agreement of the parties that it shall no longer bind either of them. The consideration on the part of each is the other's renunciation." In *Pope* v. *Thompson,* 157 *Ga.* 891 (122 S. E. 604), it was held that an executory contract for the sale of land, evidenced in writing, may be rescinded by mutual consent of the parties, either by novation or simple agreement, and that such agreement may be in parol as well as in writing.

As will be seen from the recital of the facts, the evidence introduced before the trial judge, as to the circumstances under which the defendant left the employment of the plaintiff and

accepted employment with the Murray School, is in direct conflict, the defendant testifying that the plaintiff agreed to her leaving his employment and accepting employment elsewhere, and the plaintiff denying that he made any such agreement. Under these circumstances, it cannot be said that the trial judge erred in refusing to grant an interlocutory injunction. For an outside authority, based upon somewhat similar facts, supporting our conclusion here, see Personal Finance Co. of Lincoln *v.* Hynes, 130 Neb. 547 (265 N. W. 541).

*Judgment affirmed. All the Justices concur.*