### 19136. CITY OF CARTERSVILLE *et al.* v. CAGLE *et al.*

DUCKWORTH, Chief Justice. This case involves the validity of the firing of the Superintendent of Schools of the City of Cartersville by the Board of Education of the Cartersville School System, the prayers of the petition being to enjoin the board from putting into effect a resolution of the board declaring the superintendent fired and his contract void, from hiring and paying out funds to any other person as superintendent, and that the contract under which the present superintendent was employed be declared to be a valid act of the board. The case is here excepting to the overruling of general demurrers to the petition as amended, and to an order restraining and enjoining the board from putting into effect the resolution whereby the superintendent was removed from office. The defendants in error have filed a voluminous motion to dismiss the writ of error, on the ground that all questions to be decided are moot since the board later refired the superintendent after giving him a hearing, said firing having been, on appeal, reversed by the State Board of Education which ordered him reinstated; the local board having complied with the order and reinstated the superintendent. *Held:*

1. The very essence of this case is whether or not Mr. Acree should serve as Superintendent of the City Schools of Cartersville during the 1955-56 term. The motion to dismiss showing, and the response thereto admitting, that subsequently to the judgment in the instant case he was again discharged and on appeal to the State Board of Education the order of discharge was reversed, and thereafter the local board, by resolution, restored him to the position of superintendent, it is thus made to appear that the question here involved has become moot and the writ of error should, for that reason, be dismissed.

2. The opposition to the motion to dismiss is mainly based upon two contentions: (a) the validity of the employment contract is a question to be

decided, and (b) the judgment, if allowed to stand, might constitute res judicata on any future attempt to cancel the contract as void. Neither is meritorious. The validity of the contract would have to be determined only if the discharge of Acree is ruled upon, which can not now be done, and the injunction is not res judicata on any questions of fact.

*Writ of error dismissed. All the Justices concur.*

SUBMITTED OCTOBER 10, 1955—DECIDED NOVEMBER 14, 1955.

*Neal & Ault, J. R. Cullens, Marion W. Corbitt, Paul F. & Warren Akin,* for plaintiffs in error.

*Finley & Henson, Ingram & Tull, Pittman & Greene, Jere F. White, Fred D. Neel,* contra.