20781.   DOZIER *et al.* v. MANGHAM.

ARGUED JANUARY 12, 1960—DECIDED FEBRUARY 11, 1960.

*Robert Edwards,* for plaintiffs in error.

*Claude V. Driver,* contra.

ALMAND, Justice. 1. The judgment here excepted to dissolved the temporary restraining order theretofore granted, and refused a further restraining order. No judgment was rendered regarding the prayers for reformation. The only exception here is to the denial of the injunction. Therefore, no question is presented with reference to the prayers for reformation.

2. The evidence at the hearing on the interlocutory injunction was in sharp conflict on all material issues. The evidence of the plaintiffs tended to support the allegations of the petition. The defendant, on the other hand, testified positively that, when the plaintiffs signed the note and the security deed, they were both completed and included the maturity date of August 26,

1956; and that the plaintiffs read these documents in his office before they signed them. He further testified that they agreed that he would allow them two years on this note so that they could pay out certain other notes they owed him, and could have time to either sell the property or arrange other financing. There was further evidence by both sides, but the above is sufficient to show that the evidence was conflicting on the material issues in the case.

It has been the policy of the law in this State to place a wide discretion in the trial judge in the matter of granting or denying injunctions, and, unless abused, this discretion will not be disturbed. Code § 55-108; *Holland Pecan Co.* v. *Brown*, 177 *Ga.* 525 (170 S. E. 357); *Polite* v. *Williams*, 147 *Ga.* 820 (95 S. E. 674); *Moon* v. *Clark*, 192 *Ga.* 47 (14 S. E. 2d 481).

In the instant case, since the evidence was in conflict, no abuse of discretion was shown, and the judgment of the court below dissolving the temporary restraining order and denying the interlocutory injunction was not erroneous.

*Judgment affirmed. All the Justices concur.*