## 21694. JERNIGAN et al. v. SMITH et al.

CANDLER, Justice. This is an equitable action to enjoin the use for church purposes of a building located on a tract of land in an unincorporated area of DeKalb County known as 3245 Clairmont Road and also to enjoin the erection of a new church building on the same tract. So far as need be stated, the record shows: As trustees of the Church of God, three of the defendants hold title to the premises involved. The area in which such property is located is zoned "R-75 Single Family Residential District." Article 9 (c) of such zoning resolution provides: "Upon application to the Planning Commission and favorable decision thereof, the uses enumerated below may be permitted in the R-75 Single Family Residential District. The commission may approve or deny such application as submitted, or may approve the application subject to specified conditions. 1. Churches and other places of worship with attendant educational and recreational buildings." The defendants have twice applied to the DeKalb County Planning Commission for permission to use their property at 3245 Clairmont Road for church purposes; that such applications were denied after hearings; that on authorized appeals thereto, the Board of Commissioners of DeKalb County in each instance sustained the decision of the planning commission but notwithstanding such adverse decisions, the defendants, who are the pastor, the trustees, and all of the members of such church, have continued to use such building for church purposes; that they are preparing to erect a new church building on their tract; and that the plaintiffs own and reside on property in the same zoned district. After a hearing, the court granted the temporary injunction prayed for and the defendants excepted. *Held:*

1. *Code Ann.* § 69-839 empowers a court of equity to enjoin a violation of zoning ordinances or resolutions on application for such relief by any owner of real estate within a zoned district. See *Snow v. Johnston*, 197 Ga. 146 (1, 2) (28 SE2d 270).

2. Since the evidence shows that the defendants do not have a permit to use their tract for church purposes or to erect a new church building on it, we hold that the trial judge did not abuse his discretion in granting the temporary injunction

sought. See *Code* § 55-108; *Mobley v. Brundage*, 170 Ga. 829 (3) (154 SE 452); and *Vulcan Materials Co. v. Griffith*, 215 Ga. 811 (114 SE2d 29), where it is pointed out and held that the people of this State by ratifying article 3, section 7, paragraph 23 of the Constitution of 1945 (*Code* § 2-1923) "voluntarily subjected their property to the unlimited control and regulation of legislative departments."

*Judgment affirmed. All the Justices concur.*

ARGUED JUNE 13, 1962—DECIDED JUNE 25, 1962.

*Francis G. Jones, Jr., Lynwood A. Maddox,* for plaintiffs in error.

*Nall, Miller, Cadenhead & Dennis, Thomas A. Rice,* contra.