21659. PRICE v. EMPIRE LAND COMPANY et al.

ARGUED MAY 15, 1962—DECIDED JUNE 25, 1962.

84

*John L. Watson, Jr., Hugh P. Futrell, Jr., Kemp & Watson,* for plaintiff in error.

*Robert Smalley, John B. Miller,* contra.

QUILLIAN, Justice. No precept is more firmly established in our law than that this court will not disturb or control the trial judge's discretion in either denying or granting an interlocutory injunction, in the absence of legal abuse of such discretion. *Cubbedge & Hazlehurst v. Adams,* 42 Ga. 124; *Cherokee Iron Co. v. Jones,* 52 Ga. 276; *Loadman v. Davis,* 210 Ga. 520 (81 SE2d 465) ; *Dozier v. Mangham,* 215 Ga. 718 (113 SE2d 212). This is true where there is any conflict as to material issues of the case. *Jones v. Johnson,* 60 Ga. 260; *Roughton v. Thiele*

*Kaolin Co.*, 211 Ga. 15 (83 SE2d 590); *Hutchins v. Williams*, 212 Ga. 754 (95 SE2d 674). The reasons for this rule are succinctly and pointedly brought out in the case of *Kirtland v. Mayor &c. of Macon*, 62 Ga. 747, 750, where Justice Bleckley stated: "Injunction *ad interim* is a part of equity police. It is a device to keep the parties in order to prevent one from hurting the other whilst their respective rights are under adjudication. There is often a cry for police when there is no real danger. The equity of a bill is not lost because an injunction is denied, or because it is not applied for before the final hearing." (Emphasis supplied).

Equity intervenes by grant of an interlocutory injunction to prevent irreparable damage to one of the parties and to maintain the status quo until a final determination is made. *Mobley v. Brundage*, 170 Ga. 829 (154 SE 452); *City of Elberton v. Hobbs*, 121 Ga. 749 (49 SE 779); *Edwards v. United Food Brokers Inc.*, 195 Ga. 1, 8 (22 SE2d 812); *First Fed. Savings &c. Assn. v. Owen*, 210 Ga. 424 (80 SE2d 169). In short, there must be some vital necessity for the injunction so that one of the parties will not be damaged and left without adequate remedy.

In this case, the plaintiff attempted to introduce evidence to support his contentions that the actions of the defendants materially contributed to the pollution of the stream, to the seepage of water and the depositing of mud upon his lands, and that water from the flume hitting at a point outside the old stream bed caused water to flow unnaturally over his land, causing swampy conditions, erosion and washing, all to the great hurt and damage of the plaintiff.

To some degree, the plaintiff proved his case as laid without conflict. However, there was material conflict as to the quantum of damages, as well as the continuance, or certainty of the continuing nature, of the damages during the interim period from the hearing until the time of the final disposition of the case. The testimony of the witnesses was not at all conclusive as to the manner, extent or certainty of damage to the plaintiff's property, nor that such damage would be irreparable. Most important, the evidence did not disclose that an injunction would

be necessary to protect the plaintiff's interests during the pendency of the suit.

Upon a careful review of the record here before us, whatever may be the rights of the respective parties on a trial of the case, we can not say the trial judge abused his discretion in denying the interlocutory injunction.

*Judgment affirmed. All the Justices concur.*