21848. BROWN TRANSPORT CORPORATION et al. v. TRUCK DRIVERS & HELPERS LOCAL UNION NO. 728.

ARGUED NOVEMBER 14, 1962—DECIDED JANUARY 16, 1963.

*Bouhan, Lawrence, Williams, Levy & McAlpin, Kirk M. Mc-Alpin, Frank W. Seiler, Walter C. Hartridge, II, Constangy & Prowell, Fred W. Elarbu, Jr.,* for plaintiffs in error.

*Charles L. Sparkman, John S. Patton, Poole, Pearce & Hall,* contra.

HEAD, Presiding Justice. Truck Drivers and Helpers Local Union No. 728 filed its petition for injunction and other equitable relief against Brown Transport Corporation, and Dick Hearn and M. Tuttle, alleged to be employees and agents of the defendant. Brown Transport Corporation filed an answer and cross-action for injunction against the Union. Kenneth Kitchens, Roy Duncan, Horace Dixon, and Fred Hanley, individually, and as representatives of a class of persons composing employees of the Brown Transport Corporation, filed a motion to intervene, and prayed that upon the hearing the court "temporarily and permanently enjoin agents, representatives, officers and members of plaintiff Union from following Intervenors *in any manner whatsoever* [italics ours] while operating trucks of Defendant on the public streets and highways in the course of their employment by Defendant."

At the conclusion of the hearing the court issued an order temporarily enjoining Brown Transport Corporation, its agents, officers, and employees, from "threatening, assaulting, cursing or using abusive language toward any member of plaintiff Union, its agents or employees; from driving motor vehicles toward plaintiff's members, agents or employees so as to strike them with said vehicles or so as to threaten to strike or strike any vehicles in which any member, agent or employee of plaintiff may be riding; from demolishing or in any way damaging any property of the plaintiff, its employees, agents or members [or] in any way engaging in any acts of violence or threats of violence to plaintiff's members, agents or employees."

The plaintiff Union, its officers, agents, servants, members, and employees, were temporarily enjoined "from following the employees and vehicles of defendant Brown Transport Corp., on the public roads, streets, and highways, except at a safe and rea-

sonable distance and without creating any hazard in any way to the safe operation of said defendant's vehicles, or from in any way obstructing or interfering with defendant's employees' free and uninterrupted use of the public highways. . ." As to the intervenors, it was provided that their motion to be made parties was allowed, and that: "The relief prayed by Intervenors to prevent them from being followed by members of the Union *in any manner whatsoever* [italics ours] is denied. However, the same injunctive relief granted to the employees and vehicles of the defendant, Brown Transport Corp., as set forth in paragraph two hereof, is likewise granted to Intervenors and their vehicles."

Brown Transport Corporation and the intervenors excepted to that part of the order of the trial judge which denied the relief prayed by the intervenors to prevent members of the Union from following the intervenors "in any manner whatsoever." The specific assignment of error in the bill of exceptions is as follows: "Plaintiffs in error, at the time of the Court's denial of certain of the injunctive relief prayed for, to wit, to restrain and enjoin defendant in error from following employees or vehicles of Brown Transport Corp. and intervenors 'in any manner whatsoever,' then and there excepted, now except and assign the same as error, as being contrary to law and equity, and say that the Court erred in denying plaintiffs in error the injunctive relief sought when it should have been granted."

1. Counsel for the plaintiffs in error in their brief and in oral argument have insisted that the issue for determination made by the pleadings and record is that picketing activities carried on by a labor union at the premises of a third party, who is not involved in the labor dispute between the union and another employer, is a violation of the Georgia law when such picketing is designed to, and actually does, interfere with and disrupt the business "activities of such third party." This contention made by counsel for the plaintiffs in error does not raise the question that there has been an unlawful interference with the transportation business of the complainant, Brown Transport Corporation. See Ga. L. 1947, pp. 620, 621 (*Code Ann.* §§ 54-804, 54-805); *Code* §§ 66-9906, 66-9909; Giboney v. Empire Storage & Ice Co., 336 U. S. 490, 495 (69 SC 684, 93 LE 834).

The record discloses, without conflict, that the business of

Brown Transport Corporation has been hampered by the picketing carried on at places of business other than that of Brown Transport Corporation, and that by reason of members of the union following the trucks of Brown Transport Corporation to the premises of its customers, and there attempting to picket its trucks, Brown Transport Corporation has lost substantial business, and a number of former patrons have discontinued shipping by way of Brown Transport Corporation because of such picketing.

Conceding that Brown Transport Corporation has been injured and damaged by the acts of the Union in picketing in the places of business of its patrons, and that the business of its patrons has been interfered with by such picketing, this issue is not before this court for determination. The sole assignment of error in the bill of exceptions is that the court erred in not enjoining the Union, its officers, agents, and employees, from following the trucks of Brown Transport Corporation upon the streets and highways "in any manner whatsoever." The Supreme Court can not decide any question unless it is made by a specific assignment of error in the bill of exceptions. *Code* § 6-1607; *J. R. Watkins Co. v. Fricks,* 210 Ga. 83 (2) (78 SE2d 2); *Velkey v. Grimes,* 214 Ga. 420 (105 SE2d 224). The failure on the part of the complainants to make a valid assignment of error in their bill of exceptions as to the unlawful interference with the business of the corporation at sites other than that of the corporation precludes any consideration of such issue by this court.

2. In the present case the trial judge enjoined the Union from "preventing or attempting to prevent said defendant [Brown Transport Corporation] from engaging in its rightful business activities with its customers, or in any such manner attempting to interfere with or curtail defendant's lawful business; . . ." This injunction, properly construed and enforced by the trial court would protect the corporation in the movement of freight for its customers or patrons.

The injunction sought by the intervenors against members of the Union following trucks of the corporation "in any manner whatsoever," is not limited to intentional, deliberate, or wilful acts. Such injunction, if granted, would restrain not only illegal acts, but valid and legal acts, and would prevent the Union and

its members from using the streets and highways of this State for any purpose until such time as they might ascertain that the street or highway to be used by them is not in use by a truck or transport vehicle of the corporation.

There is strong conflict in the testimony as to whether employees of Brown Transport Corporation or members of the Union were responsible for violence resulting from members of the Union following the trucks of the corporation. "The granting and continuing of injunctions shall always rest in the sound discretion of the judge, according to the circumstances of each case." *Code* § 55-108. The trial judge did not abuse his discretion in limiting the injunction granted in the present case. *Moon v. Clark,* 192 Ga. 47, 51 (14 SE2d 481) ; *Franklin v. Sing-Wilkes, Inc.,* 215 Ga. 596 (112 SE2d 618) ; *Dozier v. Mangham,* 215 Ga. 718 (113 SE2d 212).

*Judgment affirmed. All the Justices concur.*