25429. MITCHELL v. HAYDEN, STONE, INC. et al.

FRANKUM, Justice. The appeal in this case is from the order of the Superior Court of DeKalb County granting the plaintiff's motion for an interlocutory injunction. Plaintiff filed a civil action against Mitchell, two named corporations and "John Doe" seeking the recovery of $1,000,000 as for money had and received. Plaintiff alleged that the defendants and

others unknown to the plaintiff had conspired together to have a described certificate of stock for 3,404 shares of International Business Machines Corporation originally issued in the name of the plaintiff transferred to the custody, possession and control of the defendant Mitchell by the issuance of three new certificates of stock of the corporation covering 1,900 shares, 1,500 shares and 4 shares respectively, the latter certificate being issued in the name of the plaintiff, and the other certificates being issued respectively in the name of one of the defendant corporations, and that no consideration was paid to the plaintiff by the defendants for the said 3,400 shares of the stock. Plaintiff alleged that the defendant Mitchell has in his possession, custody or control the proceeds from the sale of plaintiff's shares in International Business Machines Corporation, but that the whereabouts of said proceeds is not known to plaintiff, and that unless defendant Mitchell is restrained and enjoined by the court, he will, by himself, or with the aid of others, eloign away, conceal and/or dispose of said proceeds, or remove same beyond the jurisdiction of the court, and that plaintiff has no adequate remedy at law. Alleging that the factual situation is such that immediate and irreparable injury, loss and damage will result to the plaintiff unless a restraining order is granted by the court before a notice can be served and a hearing had thereon, plaintiff prayed for such a restraining order, restraining the defendant Mitchell, in substance, from disposing of any of his assets or from transferring or concealing or removing the same from the jurisdiction of the court. Plaintiff further prayed that defendant be required to account to the plaintiff for the proceeds derived from the sale of such stock, and that plaintiff have a judgment against the defendant "for the sum of at least $1,000,000, plus interest and costs." Upon presentation of the complaint, the Presiding Judge of the DeKalb Superior Court passed an order restraining the defendant as prayed. Thereafter, the matter came on for a hearing before another judge of the DeKalb Superior Court, pursuant to the order first entered, and after hearing evidence, an order granting an interlocutory injunction, and enjoining the defendants, as prayed in the amended complaint, was passed on July 8, 1969, and the appeal here is from that judgment.

1. The trial court having passed an order after notice to the

defendant and a hearing enjoining the defendant in substantially the same way and manner as the temporary restraining order enjoined him, such temporary restraining order was thereby supplanted, and all questions sought to be raised on this appeal with respect to the legality of such ex parte restraining order were rendered moot, since such temporary restraining order is no longer in force and effect, and a reversal of the judgment rendering such ex parte restraining order and a reversal of the judgment of the court refusing to hear the defendant's motion for modification of such ex parte restraining order would avail the appellant nothing. The first two grounds of enumerated error, therefore, complaining of the granting of the ex parte restraining order and of the refusal of the court to grant the defendant's motion for a modification of such order present nothing for a decision by this court. See *Kellam v. Guthman Laundry &c. Co.*, 147 Ga. 133 (92 SE 872); *Marshall v. Johnson*, 149 Ga. 608 (101 SE 577); *Johnson v. Quigg*, 164 Ga. 391 (138 SE 774); and *City of Cartersville v. Cagle*, 212 Ga. 61 (90 SE2d 406).

2. In two of his grounds of enumerated error the appellant contends that the trial court erred in considering the affidavit of a witness and the deposition of another because the same had not been filed with the court and were not properly before the court. The trial judge's order recites that the affidavit in question and the deposition in question, together with other evidence recited in the order, were considered by the judge "all without objection" in rendering his decision. The failure of the appellant to object to this evidence at the time it was offered and received by the court constituted a waiver of any objection he might have had, and he cannot now for the first time before this court raise questions as to the propriety of the trial court considering such evidence. *Hanks v. Phillips*, 39 Ga. 550 (3); *Eberhardt v. Bennett*, 163 Ga. 796 (4) (137 SE 64).

3. It appears from the record before this court that the trial court was authorized to find that a described certificate of stock in International Business Machines Corporation had been stolen from the possession and control of the plaintiff corporation and that the certificate had been transferred on the books of International Business Machines Corporation by canceling the same and causing the issuance of three new

certificates of stock, two of which totaling 3,400 shares were issued in the name of two of the corporations of which the defendant Mitchell was president, one certificate to one corporation and one to the other and that thereafter, those certificates were canceled pursuant to orders signed by the defendant Mitchell as president of the corporations and that, presumably, Mitchell, or those corporations which are named as defendants here, received the proceeds from the sale of those certificates. It also appears that the plaintiff took the deposition of the defendant Mitchell and that he refused to answer numerous questions propounded to him during the taking of that deposition on the ground that the answers might tend to incriminate him, and that upon the hearing of this matter before the trial court, the defendant Mitchell, though in the courthouse, refused to come into the courtroom and testify. The plaintiff having elected to sue the defendants for an accounting and for money had and received thereby elected to treat the defendants as its debtor. "In *Culbreath v. Culbreath*, 7 Ga. 64 (50 AD 375), the court, quoting Lord Mansfield, said: 'If the defendant be under an obligation from the ties of natural justice to refund, the law implies a debt, and gives the action founded on the equity of the plaintiff's case as if it were upon a contract.' Quoting further: 'If there be justice in the plaintiff's demand and injustice or unconscientiousness in defendant's withholding it, the action lies. . . The law will compel him to pay.'" *Herrington v. City of Dublin*, 50 Ga. App. 769, 772 (179 SE 845). "Creditors without lien cannot, as a general rule, enjoin their debtors from disposing of property, nor obtain injunction or other extraordinary relief in equity. [*Code* § 55-106]. An exception to the general rule is where an insolvent debtor is fraudulently transferring his property to one in complicity with him, who is disposing of the property, or where property is obtained by fraudulent representations. *Albany Steel Co. v. Agricultural Works*, 76 Ga. 135, 169 (3) (2 ASR 26); *Cohen v. Morris*, 70 Ga. 313." *Hermann v. Mobley*, 172 Ga. 380 (1) (158 SE 38). We think that the allegations of the complaint, as supported by the evidence adduced upon the hearing of this matter bring this case squarely within the exception to the general rule stated in that case, and that the trial court did not abuse its discretion in granting the interlocutory injunction. *Loadman v. Davis*,

210 Ga. 520, 522 (81 SE2d 465); *Dozier v. Mangham,* 215 Ga. 718, 720 (113 SE2d 212); *Price v. Empire Land Co.,* 218 Ga. 80, 84 (126 SE2d 626); *Bodziner v. Greenfield,* 219 Ga. 310 (133 SE2d 338).

4. Counsel for the defendant on the hearing admitted that the defendant Mitchell received the proceeds from the sale of the stock certificates in question and that he did not pay value for them. The trial court did not err in finding in accordance with this admission.

5. The trial court did not err in concluding that the failure of the defendant Mitchell to appear in court and the failure to offer evidence raised a presumption against him that the charges against him were true. *Code* § 38-119; *Hoffer v. Gladden,* 75 Ga. 532, 538.

6. None of the other grounds of enumerated error is meritorious.

*Judgment affirmed. All the Justices concur.*

ARGUED SEPTEMBER 11, 1969—DECIDED NOVEMBER 12, 1969.

*Cotton, Katz & White, J. Timothy White,* for appellant.
*Hamilton Lokey, Beryl H. Weiner,* for appellees.