## 36980. LANIER v. RICHMOND COUNTY.

The judgment is affirmed without opinion under Rule 59.
*All the Justices concur, except Undercofler and Smith, JJ., who dissent.*

DECIDED APRIL 9, 1981.

*Jack E. Boone, Jr.,* for appellant.
*Robert C. Daniel, Jr.,* for appellee.

SMITH, Justice, dissenting.

The dispute in this case arose when appellee, Richmond County, attempted to survey and pave a portion of a dirt roadway known as Maddox Drive. Appellant, who claims that this portion of Maddox Drive is a private way or drive belonging to him, allegedly prevented the county from completing its work. Appellee sought equitable relief. The trial court granted appellee a temporary injunction under which appellant "is enjoined from any further acts of trespass on Maddox Drive and ... from prohibiting plaintiff from paving Maddox Drive to its dead end."

Appellee alternatively contends that Maddox Drive is a public roadway due to 1) a prescriptive easement under Code Ann. §§ 85-409, 85-1401 and 95A-602 (c) or 2) an express or implied dedication. However, in its order granting appellee a temporary injunction, the trial court only addressed appellee's contention that Maddox Drive is a public road by prescription. The sufficiency of appellee's evidentiary showing in this regard is therefore the only matter subject to appellate review.

"The granting or denial of interlocutory injunctions rests in the sound discretion of the trial judge according to the circumstances of each case. Code § 55-108." *Davies v. Curry,* 230 Ga. 190, 193 (196 SE2d 382) (1973). However, "discretion is limited to cases where there is a conflict in the evidence. Where there is no material conflict in the evidence, the applicable rules of law can not be avoided on the basis of discretion." *Davis v. Miller,* 212 Ga. 836, 840 (96 SE2d 498) (1957); *Corp &c. Latter-Day Saints v. Statham,* 243 Ga. 448, 449 (254 SE2d 833) (1979).

The trial court found that the disputed portion of "Maddox Drive has been used by the public and maintained by the public for a period in excess of twenty years ..." Based upon this finding, the court held that "Maddox Drive is a public road ... as a result of prescription." Appellant asserts that the evidence presented to the trial court

simply does not support a finding of "public" use and that the grant of an interlocutory injunction based on such a finding constitutes an abuse of discretion. I believe appellant is correct in these assertions.

In 1973, Code Ann. § 95A-602 (c) was enacted. It provides: "Notwithstanding the provision of section 85-406 of the Code of Georgia of 1933, any State agency, county or municipality is authorized to acquire by prescription and to incorporate into its system of public roads any road on private land which has come to be a public road by the exercise of unlimited public use for the preceding seven years or more." While this provision considerably shortens the time required for a state agency, county or municipality to acquire a roadway by prescription (see *Shirley v. Morgan,* 170 Ga. 324 (3) (152 SE 831) (1930)), it is still incumbent on the governmental authority claiming such a roadway to establish "public" use.

The disputed portion of Maddox Drive extends approximately 2,100 feet through appellant's property. It dead-ends at his residence. There is evidence in the record that the county has "scraped and maintained" the disputed portion of Maddox Drive for over twenty years. However, only two affidavits provide any evidence as to the use of the disputed portions of Maddox Drive. The affidavit of J. A. Fuller states: " . . . (2) I have resided at the above address for approximately four years; however, I lived on Maddox Drive with my mother, Mrs. Gussie Fuller, from approximately 1956 to 1967. (3) I own a tract of land on Maddox Drive, where I have lived approximately four years, which is shown as Parcel 28, on Tax Map 40 of the Richmond County Tax Assessors' Office. (4) I, and my family, use Maddox Drive, including the portion of Maddox Drive that crosses the 17.5 acre tract of land of D. L. Lanier to go back and forth to my residence. (5) Maddox Drive, including the portion of Maddox Drive that crosses the 17.5 acre tract of D. L. Lanier, is used by three other families, including my mother, Mrs. Gussie Fuller, who are located on my mother's property shown and designated as Parcel 27 on Tax Map 40 of the Richmond County Tax Assessors' Office." Appellant's affidavit states: "[T]he only persons living on his property are members of his family, except for one mobile home unit which deponent rents to a tenant. Within the boundaries of deponent's property, several other people live on approximately 1 acre of land and they have the right of ingress and egress from their residences to Wrightsboro Road along the road way known as Maddox Drive through deponent's property."

In my view, this evidence does not authorize a finding that the disputed portion of Maddox Drive is in "public" use. "As a general rule, before a highway can be established by prescription, it must

appear that the *general public,* under a claim of right, and not by mere permission of the owner, used some defined way, without interruption or without substantial change, for [the requisite period]." (Emphasis supplied.) *Dunaway v. Windsor,* 197 Ga. 705, 706 (11) (30 SE2d 627) (1944); *Lines v. State of Ga.,* 245 Ga. 390, 396 (264 SE2d 891) (1980); *Ross v. Hall County Bd. of Commrs.,* 235 Ga. 309, 314 (219 SE2d 380) (1975) (Justice Jordan, dissenting); *Southern R. Co. v. Combs,* 124 Ga. 1004, 1012 (53 SE 508) (1906). The evidence in the instant case is undisputed that "there was no continuous, uninterrupted, and adverse use *by the public . . .* such as would be sufficient to submerge the owner's title into a prescriptive right on the part of the public." (Emphasis supplied.) *Dunaway v. Windsor,* supra at 714. See Code Ann. § 95A-104, which sets forth definitions of "private road" and "public road" for purposes of Title 95A. Since the evidence does not authorize a finding of "public" use, I believe the trial court abused its discretion in granting appellee a temporary injunction. See *Givins v. Georgia Power Co.,* 240 Ga. 465 (241 SE2d 221) (1978); *Jernigan v. Smith,* 218 Ga. 107 (2) (126 SE2d 678) (1962).