IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
April 18, 2018 Session

## MAYLA C. ANDERS v. JONAH PAUL ANDERS

**Appeal from the Circuit Court for Shelby County**
**No. CT-005085-14  Gina C. Higgins, Judge**

————————————————————

### No. W2017-00071-COA-R3-CV

————————————————————

This is an appeal from the entry of an order dismissing an order of protection, which had already expired by its own terms. Because the order of protection has expired, we affirm the decision of the trial court and dismiss the appeal as moot.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

ARNOLD B. GOLDIN, J., delivered the opinion of the Court, in which J. STEVEN STAFFORD, P.J., W.S., and KENNY ARMSTRONG, J., joined.

Milandria King and Jeannie M. Kosciolek, Memphis, Tennessee, for the appellee, Mayla C. Anders.

Jonah Paul Anders, Appellant, Pro se.

### OPINION

#### BACKGROUND AND PROCEDURAL HISTORY

This case originated in November of 2014, when the Appellee Mayla C. Anders ("Wife") filed a petition seeking an order of protection against Appellant Paul Anders ("Husband"). A hearing was held in the general sessions court on November 19, 2014, and the court entered an order of protection set to expire by its own terms on November 19, 2015.  Husband appealed the decision to the circuit court.

A hearing was held in the circuit court on January 28, 2015, and on February 4, 2015, the circuit court entered an order modifying the order of protection by removing the parties' children from the order and by extending the order against Husband for a year from the date of the hearing. The order of protection expired by its own terms on February 4, 2016.

On July 13, 2015, Husband filed a motion to proceed pro se.[1] On July 15, 2015, Husband filed a "Petition to Dissolve or in the Alternative Dismiss the Order of Protection Modified February 4, 2015." As a basis for his petition, Husband alleged that his appeal of the order of protection from the general sessions court was never "heard," and the order of protection should be dissolved because the allegations in the petition for order of protection were "insufficient." On August 7, 2015, the trial court entered an order dismissing Husband's petition to dissolve the order of protection. On August 12, 2015, Husband filed another "Motion to Vacate Order of Protection Modified [2/4/15] or in the Alternative set a trial de novo."

On October 31, 2016, on its own motion, the trial court entered an order "dismissing" the order of protection matter because the order had expired by its own terms on February 4, 2016. On November 10, 2016, Husband filed a notice of appeal of the October 31, 2016 order.

## ISSUES PRESENTED

Husband has raised the following issues on appeal, stated verbatim as follows:

1. Whether Judge Gina Higgins erred in her discretion when she violated the defendant's constitutional rights under the [US & TN Constitutions] to have a hearing in pursuant [sic] to equal protection and due process of the law Article I section 17?

2. Whether Judge Gina Higgins erred in her discretion when she held an Exparte [sic] Hearing without the defendant's knowledge, dismissed the defendant's timely filed appeal from General Sessions Court on December 3, 2014 an appeal for a false order of protection, case number CT-005085-14 on Oct. 31, 2016?

3. Whether Judge Gina Higgins erred in her discretion when she violated the defendant's Constitutional rights under the United States Constitution by allowing the defendant's timely appeal to expire without a hearing on the merits?

Although Husband's issues are not altogether clear, they all arise from the circuit court's alleged failure to allow Father to have an additional hearing concerning the order of protection entered February 4, 2015. Because the order of protection expired by its own terms on February 4, 2016, we dismiss this appeal as moot.

---

[1] Wife opposed Husband's motion because apparently Husband had already discharged four attorneys, and the matter kept getting continued.

## DISCUSSION

This Court faced a similar situation, procedurally speaking, in *Winningham v. Strotter*, No. 03A01-9112-CV-00423, 1992 WL 94717, at * 1 (Tenn. Ct. App. May 8, 1992). The respondent in that case appealed a judgment from the circuit court that entered an order of protection against him. *Id*. Because the order of protection was to remain in effect for only 120 days, it had already expired by the time the appeal was considered. *Id*. Therefore, we dismissed the appeal as moot. *See also Honeycutt ex rel. Alexander H. v. Honeycutt*, No. M2015-00645-COA-R3-CV, 2016 WL 3662166, at *1 (Tenn. Ct. App. June 30, 2016) (involving an appeal from an expired order of protection that would have been moot but for an outstanding issued related to a claim for attorney's fees); *Bean v. Wilson Cty Sch. Sys.*, 488 S.W.3d 782, 792 (Tenn. Ct. App. 2015) (concluding that issues presented regarding an ex parte restraining order that was no longer in effect were moot); *Mitchell v. Hayden, Stone, Inc.*, 171 S.E.2d 280, 283 (Ga. 1969) ("[A]ll questions sought to be raised [i]n this appeal with respect to the legality of such ex parte restraining order were rendered moot, since such temporary restraining order is no longer in force and effect, and a reversal of the judgment rendering such ex parte restraining order and a reversal of the judgment of the court refusing to hear the defendant's motion for modification of such ex parte restraining order would avail the appellant nothing.").

Because we find that this appeal should be dismissed as moot, all other issues are pretermitted.

## CONCLUSION

For the aforementioned reasons, this appeal is dismissed.

_____
ARNOLD B. GOLDIN, JUDGE